# The Coliseum *et al. v.* Inter-State Lumber Co.

*Bill in Equity by Creditor of Corporation impeaching Fraudulent Suit.*

1. *Corporation; pendency of creditor's bill no bar to bill by another creditor; nor is the appointment of a receiver, nor the issuance of an injunction.*—Where, with the intent to hinder, delay and defraud other creditors, a creditor, who is also a stockholder of a debtor corporation, files a bill against the debtor corporation and by collusion and a fraudulent consent and connivance of the officers, directors and stockholders of such corporation, the said complaining creditor and stockholder procures the appointment of a receiver of such corporation and the issuance of an injunction restraining other creditors from interfering with the possession of the corporate assets by such receiver, the pendency of such a bill and the appointment of a receiver and the issuance of an injunction thereunder constitute no bar to, and do not answer the equity of, an original bill filed by another creditor, who was not a party to the first suit, for the purpose of preventing the accomplishment of the fraudulent design of the previous bill and having said suit declared void, and which subsequent bill, while recognizing the possession of the court over the assets of the corporation, seeks the *bona fide* and equitable administration of such assets.

2. *Same; estoppel.*—The fact that subsequent to the appointment of a receiver of a corporation, a creditor of said corporation files a bill against the company and the receiver, for the purpose of establishing a lien on the corporate property for the amount of his claim, which was for building material furnished the corporation and used in constructing a building by it, and that such suit was subsequently dismissed, does not stop such creditor from maintaining a subsequent creditor's bill against the corporation and the receiver, in which he assails as fraudulent the suit in which the receiver was appointed, and attacks the validity of such appointment, and seeks to have the proceedings thereunder declared void and of no effect.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed on February 7, 1898, by the appellee, the Inter-State Lumber Company, a corporation organized under the laws of Tennessee, and averred that after entering into a contract with "The Coliseum," a corporation under the laws of the State of Alabama, to erect and construct for it a building on its property, the complainant did said work and erected said building in accordance with said contract. The building was accepted by The Coliseum, on April 24, 1897, and upon a settlement, it was ascertained that The Coliseum was indebted to the complainant in the sum of $3,250; that for the said amount The Coliseum gave to the complainant two bills of exchange, which were accepted by The Coliseum, but neither of said bills of exchange or any part thereof have ever been paid.

It was then averred in said bill that on June 8, 1897, one B. B. Smith as one of the creditors and stockholders of the said The Coliseum, filed a bill in equity in the city court of Montgomery against The Coliseum, for the purpose, among other things, of having a receiver appointed to manage and control The Coliseum and to keep said corporation a going concern, and to enjoin the creditors of said corporation from interfering with its business or the assets thereof; that said bill was filed at the instigation and by the connivance, agreement and consent of the officers, directors and stockholders of The Coliseum, and with the intent to hinder and delay the creditors of said corporation, and especially this complainant in the prosecution of their lawful suits; and that, therefore, said suit was a fraud on the rights of this complainant; that in furtherance of such fraudulent purpose on the part of the complainant and others in said suit, a decree was rendered in said court on the day the bill was filed appointing the president of The Coliseum, W. C. Bibb, as receiver; that said decree was rendered by consent of the parties to said cause; the said W. C. Bibb, as president of The Coliseum, W. L. Chandler as the treasurer thereof accepted service of said bill of complaint, and consented for the court to take jurisdiction of the suit and to ap-

[The Coliseum *et al.* v. Inter-State Lumber Co.]

point a receiver. The bill filed by B. B. Smith and the decree rendered in said cause are made exhibits to the present bill. B. B. Smith, W. C. Bibb, as such receiver, and The Coliseum are made parties defendant to the bill, and the complainant prays for a decree declaring the suit by said B. B. Smith and all the proceedings thereunder void as to this complainant, and that the chancellor will ascertain the amount of indebtedness due from The Coliseum to the complainant, and will order the property of The Coliseum subjected to the payment of the amount so ascertained to be due.

The defendants moved to dismiss the bill for the want of equity, and also demurred to the bill upon the following grounds: 1st. It is shown by the bill that an injunction had been issued restraining the complainant, as one of the creditors of The Coliseum from, in any wise, interfering with the control of the possession of the property, which was the subject matter of the suit. 2d. The bill filed by B. B. Smith was filed by him in the dual capacity of creditor and stockholder. 3d. The bill does not allege that the bill heretofore filed by B. B. Smith against The Coliseum was filed by and with the consent of all of the stockholders of said corporation. 4th. Said bill does not disclose wherein the bill of B. B. Smith was a fraud against the complainant; and does not allege any facts showing fraud in the filing of said bill. 5th. Said bill seeks to obtain a preference or priority in favor of the complainant. 6th. Said bill is not filed in the interest of the complainant and of all other creditors of The Coliseum who may see fit to come in and make themselves parties thereto. 7th. The complainant has an adequate remedy at law.

The defendants, in answer to the bill of complaint, filed the following pleas: "1. It appears in and by said bill of complaint that in a bill filed heretofore by B. B. Smith as a creditor and as a stockholder of The Coliseum, against The Coliseum, that a decree was rendered enjoining and restraining all creditors and others persons from in any way interfering with the control and possession of W. C. Bibb, who was appointed receiver over such property.

"2. That on, to-wit, the 15th day of October, 1897, the Inter-State Lumber Company, the complainant herein, filed its bill in the city court of Montgomery, in equity, against The Coliseum and W. C. Bibb, as receiver, claiming a lien for furnishing the material and constructing the building known as The Coliseum, and that said bill was filed subsequent to the filing of the bill by B. B. Smith against The Coliseum, and in which proceedings the receiver was appointed, and prior to the filing of the bill in this cause. Said bill was dismissed and costs paid by complainant, and a copy of said bill is made a part of this plea." The complainant filed exceptions to these pleas upon the ground that they were not sufficient answers to the bill.

On the submission of the cause upon the motion to dismiss the bill, and upon the demurrers and upon the exceptions to the defendant's pleas, the chancellor rendered a decree overruling the demurrers and the motion to dismiss, and sustaining the complainant's exceptions to the pleas. From this decree the defendants appeal, and assign the rendition thereof as error.

GRAHAM & STEINER, for appellants.—The present case differs materially from the case of *Ala. Nat. Bank v. Mary Lee C. & R. Co.*, 108 Ala. 288, and *Ala. Iron & Steel Co. v. McKeever*, 112 Ala. 134, and such cases are no authority towards maintaining the present bill.

JOHN G. WINTER, *contra.*—The bill in this case contained equity, and the decree of the chancery court was free from error.—*Ala. Nat. Bank v. Mary Lee C. & R. Co.*, 108 Ala. 288; *Ala. I. & S. Co. v. McKeever*, 112 Ala. 134, and authorities cited in these cases.

TYSON, J.—The case made by the bill cannot be differentiated upon principle from the cases of *Alabama National Bank v. Mary Lee Coal & Railway Co. et al.*, 108 Ala. 288, and *Alabama Iron & Steel Co. et al. v. McKeever*, 112 Ala. 134.

The pleas to which exception was sustained set up no defense to the bill. There is not an element of estoppel averred in either of them.

The decree must be affirmed.

Affirmed.