[S. F. No. 1047.   Department One.—April 13, 1899.]

GEORGE H. WOLFE, Appellant, v. F. F. TITUS et al., Respondents.

EQUITY — PLEADING — INSUFFICIENT COMPLAINT.—A complaint seeking equitable relief is insufficient, if it does not state facts showing the existence of a right to enforce, or a wrong to redress, as distinguished from mere epithets, however profuse or vehement, and does not show that the plaintiff has been damaged, or shows that he is seeking equity without doing equity.

ID.—CANCELLATION OF INSTRUMENTS—INJUNCTION—COMPELLING CONVEYANCE—COMPLAINT WITHOUT EQUITY.—A complaint seeking to cancel a note and mortgage, and to enjoin its pending foreclosure, and for equitable relief against the foreclosure of prior mortgages, and to compel a conveyance of title obtained thereunder, which shows that the mortgagee agreed to use the money to buy in the property under the prior foreclosure for plaintiff's benefit, but avers that he fraudulently conspired with another defendant to buy in the prior mortgages before the decree, and to obtain title under foreclosure thereof, which was obtained at an expenditure of one thousand dollars less than the face of the note and mortgage given him, but does not aver any payment or offer of payment of the money actually advanced, does not show any ground for equitable relief, or state facts sufficient to constitute a cause of action.

ID.—RELIEF IN PENDING ACTION.—If the plaintiff is entitled to any relief growing out of the transactions set forth in the complaint, such relief may be amply afforded in the pending action to foreclose the mortgage sought to be canceled; and he cannot institute another action to enjoin further proceedings in that action, but is bound to seek any relief to which he may be entitled, either by answer, or by cross-complaint in the foreclosure action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Henry Sears, for Appellant.

Daniel Titus, and Louis Titus, for Respondents.

VAN DYKE, J.—The court below sustained the demurrers of the defendants without leave to amend the complaint, and thereupon entered judgment dismissing the action, with costs to the defendants.   From this judgment the appeal is taken.

Appellant's counsel states the object of the action as follows: "This action was commenced for the cancellation of an alleged promissory note in the principal sum of six thousand dollars, and mortgages to secure the same upon certain real estate described in the complaint, and for an injunction against an action pending for the foreclosure of the note and mortgage at the commencement of the action; also to restrain the enforcement of certain deficiency judgments docketed in favor of respondents and against appellant in a prior action of foreclosure of the premises pending at the time of the making of the note and mortgage for six thousand dollars, to wit, October 1, 1891, and commenced by the Mutual Savings Fund and Building Association against this appellant and others, and to enjoin all further proceedings upon the sheriff's deed in the last-named action; for a reconveyance of the premises, and general equitable relief."

The complaint alleges that on or about the first day of October, 1891, plaintiff made and delivered to said defendant, Samuel Sussman, his certain promissory note in the words and figures following, to wit:

"$6,000.                    San Francisco, Cal., Oct. 1, 1891.

"On or before October 1, 1892, for value received, I promise to pay to the order of Samuel Sussman, in San Francisco, six thousand ($6,000) dollars, in gold coin of the United States, with interest from date at the rate of one per cent per month until paid, payable monthly in like gold coin.

"GEORGE H. WOLFE."

That at that time plaintiff and said defendant Daniel Titus made and executed to the said defendant Samuel Sussman a deed of conveyance, in due form, of a certain lot and parcel of land in the city and county of San Francisco (describing the same). "That on or about said first day of October, 1891, said defendant, Samuel Sussman, made and delivered to plaintiff his certain memorandum of agreement in writing, and it was then and thereby understood and agreed by and between plaintiff and said defendant Sussman that said deed of conveyance, though absolute in form, was made as security for the payment of said promissory note and interest thereon, according to the tenor thereof. That no part of said sum of six thousand dol-

lars, named in said promissory note, was ever paid over or received by plaintiff, but by the terms and conditions of said agreement said sum of six thousand dollars was retained in trust for plaintiff by defendant herein, Samuel Sussman, and was to be used and applied by said Sussman in the purchase of the above-described premises at a foreclosure sale thereof to be had in an action then pending in the superior court of the city and county of San Francisco, California, wherein the Mutual Savings Fund and Building Association, a corporation, was plaintiff, and this plaintiff and other persons therein named were defendants; and said Sussman was to buy in said premises at the foreclosure sale thereof, at the expense of and for plaintiff, and the amount paid therefor was to be paid out of said fund of six thousand ($6,000) dollars; that the costs of said foreclosure and sale, attorney's fees therein, street assessments, taxes and insurance, and any and all other expenses incurred in the premises at the time of said purchase, were likewise to be paid out of said trust fund of six thousand ($6,000) dollars. That said action was brought to foreclose a certain mortgage on the premises above described, and to obtain judgment for the debt, thereby secured and owing by plaintiff herein to said Mutual Fund and Building Association, and to subject to the lien of said mortgage certain other mortgage liens subsequently executed by plaintiff herein to certain persons named and made defendants in said action, to wit" (giving the names of said parties, including the defendant Daniel Titus, but without giving the amounts of their said mortgage liens).

The complaint then proceeds to state that the defendants Titus and Sussman, for the purpose of acquiring title to the premises clear of all claims or interest of the plaintiff, and thereby to defraud him, gained control and purchased all the mortgages held by both plaintiff and defendants in said action, and the debts thereby secured, and thereafter obtained judgment and procured a decree of foreclosure and order of sale to be made, foreclosing all of said mortgages and directing the sale of said premises. Thereafter said premises were sold by the sheriff of the city and county of San Francisco, on said foreclosure, to said defendant Samuel Sussman, and there being no redemption therefrom, a sheriff's deed was issued to him and re-

corded on the eighth day of July, 1892, in the office of the county recorder of the city and county of San Francisco. That said Sussman paid nothing in consideration of his pretended purchase of said property at said sheriff's sale, but that a portion of said fund of six thousand dollars was used to purchase all the said mortgages and debts thereby secured, set up in said suit, and to pay the expenses and costs of said proceedings. And it is alleged, upon information and belief, that the remaining portion of said fund of six thousand dollars has been kept and retained by said defendants for their own use and benefit, and that the amount thereof so retained exceeds the sum of one thousand dollars. And it is charged that there was a conspiracy between the defendants Sussman and Titus, and fraud on their part in the transactions stated, and that the said defendant Sussman, by virtue of the purchase and foreclosure referred to, claims title to the premises as against the plaintiff.

It is also alleged "that on or about the ninth day of July, 1896, Samuel Sussman, the defendant herein, commenced an action in the superior court of the city and county of San Francisco to foreclose the said mortgage of October 1, 1891, and to recover the amount of said note of even date, with accrued interest and alleged expenditures. That said action is now pending and at issue."

Simmered down, the substance of the complaint is, that instead of using the trust fund mentioned in the note and mortgage to Sussman of October 1, 1891, to buy in the property at sheriff's sale under the foreclosure proceeding then pending, the defendants Sussman and Titus bought up those claims before the same were reduced to judgment, and that instead of using the whole six thousand dollars, plaintiff avers that not quite five thousand was used.

On well-established principles of law the appellant must fail. It is elementary that no one may go into court without having some right to enforce or wrong to redress; and that facts must be stated showing such right or wrong to exist, and that mere epithets, however profusely used or vehemently expressed, will not supply the place of facts in a pleading.

It is not averred in the complaint that the plaintiff has been damaged in the least, nor are there facts stated from which such a conclusion could be drawn.

According to the plaintiff's own admission, the defendant Sussman has paid out about five thousand dollars in removing mortgages and encumbrances upon the property; and the very fact that he brings the suit now pending to foreclose his mortgage or trust deed of October 1, 1891, shows that he treats the property as still belonging to the plaintiff, subject to his claim for moneys advanced under the agreement set out in the complaint. In the face of these facts shown by the complaint, the plaintiff, without paying or offering to pay any of the money advanced for his benefit by defendant Sussman, asks that the promissory note and mortgage made and executed October 1, 1891, be delivered up and canceled, and that the defendant execute a good and sufficient deed of conveyance of said premises.

As stated in *Buena Vista etc. Co. v. Tuohy*, 107 Cal. 243: "The first suggestion which presents itself to the mind upon a perusal of the complaint is that the plaintiff is seeking equity without doing equity." In that case the plaintiff had received a conveyance of property of the value of about thirty-six thousand dollars, on account of which it had paid ten thousand dollars, and given its note and mortgage as security for the balance of the purchase price, brought an action to have the notes and mortgage canceled without paying or offering to pay the balance of the purchase price of the property which it had received. (See, also, Civ. Code, secs. 1691, 3407; *Maddock v. Russell*, 109 Cal. 417.)

If the plaintiff should be entitled to any relief growing out of the transactions mentioned in the complaint, there is no reason why it could not be amply afforded in the action now pending by defendant Sussman to foreclose the mortgage. The action of *Waymire v. San Francisco Ry. Co.*, 112 Cal. 646, is similar to this, and in the opinion of the court there it is observed: "It seems unaccountable that plaintiffs were advised that facts, which would entitle them to a judgment nullifying the sale and transfer of the bonds, and perpetually enjoining the further prosecution of the action to foreclose the deed of trust, could not be made available as a defense to the foreclosure action. . . . . The corporation was not at liberty to institute an action in another court, nor in the same court, to enjoin further proceedings in the foreclosure action, but was bound to

plead the facts alleged in plaintiff's complaint herein by answer, or, if necessary to aid the defense, by cross-complaint in the foreclosure action." (Citing Pomeroy's Equity Jurisprudence, secs. 1371, 1372; High on Injunctions, sec. 52; *Erie Ry. Co. v. Ramsey*, 45 N. Y. 637; *Graham v. Boston etc. R. R. Co.*, 118 U. S. 161; *Crowley v. Davis*, 37 Cal. 268; *Judson v. Porter*, 51 Cal. 562; *Wilson v. Baker*, 64 Cal. 475; Spelling on Corporations, sec. 612.)

Judgment affirmed.

Garoutte, J., and Harrison, J., concurred.