# Gray, *et al. v.* South & North Alabama Railway Co., *et al.*

*Bill for Injunction and to Redress Corporate Wrongs.*

(Decided June 4, 1906.   43 South. 259.   Rehearing denied May 6, 1907.)

1. *Injunction; Dissolution; Retaining Bill for Other Purposes.*— If the allegations of the bill are not sufficient to warrant interference by injunction, the injunction may be dissolved for want of equity in the bill in that respect and the bill retained for other purposes.

2. *Courts; Concurrent Jurisdiction; Priority.*—One court cannot enjoin proceedings previously instituted in another court of like jurisdiction, where the court whose jurisdiction is first invoked has adequate power to grant the relief sought in the second suit.

3. *Corporations; Stockholders; Right to Redress Corporate Wrongs.* —Stockholders may sue to redress corporate wrongs when the directors refuse, after demand, to do so, or when it is averred and shown that the demand would have been useless.

4. *Same.*—Where the stockholders demanded the filing of the bill for an accounting, and the directors complied with the demand and invoked the jurisdiction of the chancery court to that end, stockholders cannot maintain a bill for the same purpose, or to enjoin the proceedings previously instituted upon their demand, in another court of co-ordinate jurisdiction.

5. *Same; Directors; Bad Faith.*—The fact that the directors are unfit to do so or will not prosecute the bill for accounting in good faith is not ground for invoking the jurisdiction of another court of

[Gray, et al. v. South & North Alabama Railway Co., et al.]

co-ordinate powers; the first court having acquired jurisdiction of the subject matter, the stockholders have a right to intervene and protect themselves against a collusive or fraudulent prosecution of the suit, upon timely application, and after making a proper showing to the court first acquiring jurisdiction.

6. *Receivers; Appointment Pendente Lite; Jurisdiction.*—A receiver pendente lite is properly denied when the bill upon its face shows that the court has no jurisdiction of its subject matter.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Suit by Henry B. Gray and others against the South & North Railroad Company and others. From a decree denying an application to dismiss the bill for want of equity, defendants appeal; and from an order denying an application to appoint a receiver, complainants appeal. Affirmed on complainant's appeal, and reversed and rendered on defendants' appeal.

Henry B. Gray and other minority stockholders in South & North Railroad filed a bill in the city court of Montgomery asking for an accounting between the South & North Railroad Company, and the Louisville & Nashville Railroad Company, the lessee of the South & North Company, and for an injunction restraining the directors of the South & North Company from prosecuting a bill in the Jefferson chancery court seeking an accounting between the South & North Company and the Louisville & Nashville Railroad Company. It appears from the bill that the directors of the South & North Company, at the instance of Gray and others, filed their bill in the Jefferson chancery court for an accounting against the Louisville & Nashville Railroad Company under the lease, and that cause was still pending and being prosecuted. The reasons assigned in the bill for enjoining this proceeding in the Jefferson chancery court were that the directors of the South & North Company were inimical to the interest of the minority stockholders, and that they would not prosecute said suit in the Jefferson chancery court to effect, would not prop-

[Gray, et al. v. South & North Alabama Railway Co., et al.]

erly protect the interest of the minority stockholders. and that the suit was really collusive action between the two roads. The bill also sought to have the court appoint a receiver for the South & North Railroad Company, alleging mismanagement and other things on a part of the Louisville & Nashville Railroad Company. Demurrers were interposed to the bill, raising the question that the bill showed on its face that this court was without jurisdiction to entertain the bill for an accounting or for an injunction, as the Jefferson chancery court had acquired jurisdiction and had full powers to adjudicate all matters of differences between them. The chancellor overruled the demurrers, declined to dismiss the bill for want of equity, and enjoined other proceedings by the South & North officers, directors, or agents in the Jefferson chancery court, but decined to appoint a receiver. From the decree overruling the demurrers, and refusing to dismiss the bill, and granting the injunction, the respondents appeal. From the decree declining to appoint a receiver, the complainants appeal.

GREGORY L. SMITH, TILLMAN, GRUBB, BRADLEY & MORROW, and GEORGE W. JONES, for appellant. L. & N. R. R. Co.; FRED S. BALL, for appellant, S. & N. R. R. Co. —The bill is filed under the influence of *M. & C. R. R. Co. v. Wood*, and complainant must succeed under the doctrine of that case or not at all.

The doctrine of *Woods v. M. & C. R. R. Co.*, 88 Ala. 630, that a corporation holding a majority of the stock of another corporation has no right to vote its stock for any purpose is not sound. It is based on the idea that thereby the directors will became subject to its control. An agent may represent both parties to a transaction if the parties consent thereto.—*Fitzsimmons v. So. Express Co.*, 40 Ga. 336; *O'Connor Mining & Mfg. Co. v. Coosa Furnace Co.*, 95 Ala. 617. Where an agent repre-

sents conflicting interests withoüt the consent of the parties, his contracts are vöidable only and not absolutely void.—*Mobile Land & Imp. Co. v. Gass,* Mss.; *Corey v. Wadsworth,* 118 Ala. 504. The mere fact that a person is elected a director by the vote of another, raises no presumption that the director will be influenced thereby.—*Decatur Mineral Land Co. v. Palm,* 113 Ala. 539; *Potter v. Pittsburg Besemer Steel Co.,* 12 U. S. 670. The rights of a corporation cannot be taken from it for fear it may abuse the power.—*Corey v. Wadsworth,* 118 Ala. 505. The doctrine of the *Woods' Case* limited by *American Refrigerator & Construction Co. v. Linn,* 93 Ala. 61; *George v. Central R. R. & B. Co.,* 101 Ala. 623; *Montgomery Traction Co. v. Harmon,* 140 Ala. 523. A corporation owning the majority of the stock in another corporation will only be enjoined from voting its stock to oppress or wrong the minority stockholders.—*Davis v. United Electric & Power Co.,* 77 Md. 35; *Transportation Co. v. Beatty,* 12 Appeal Cases 589; *Gambill v. Water Co.,* 123 N. Y. 91; *Bjormgaard v. Goodhue Co.,* Bk. 52, N. W. 48. The Louisville & Nashville Railroad Company has both a statutory and contract right to vote its stock in the South & North Alabama Railroad Company. See act of December 13, 1900; acts of 1900, p. 530; charter South & North Alabama Railroad Company and the contract between the two companies. This contract has been ratified by the stockholders' failure for thirty years to dissent from it.— *Taylor v. S. & N. A. R. R. Co.,* 13 Fed. R. 152; *Bank v. Judah,* 8 Con. 145; *Taylor v. Miami Export Co.,* 6 Ohio 157; *Hoyt v. Quick Silver M. Co.,* 17 Hun 169; Cook on Stockholders, 40: Almost anything will be presumed from the lapse of twenty years.—*Woodstock v. Fullenwider,* 87 Ala. 587; *Bozeman v. Bozeman,* 82 Ala. 389. Independent of the charter and contract right to vote its stock in the South & North Alabama Railroad Company,

the Louisville & Nashville Railroad Company is not a rival company, or one having an adverse interest within the meaning of the *Woods Case*. Nor is the ownership of the stock by the Louisville & Nashville Railroad Company ultra vires, but if it was, complainant is not in a position to take advantage of that.—*Memphis & Charles R. R. Co. v. Wood*, 88 Ala. 638. The contract has been executed and the fact that the acquisition of the stock was ultra vires cannot now be considered.— *Taylor v. S. & N. A. R. R. Co.*, 13 Fed. R. 135; *Bigbee & Warrior River Packett Co. v. Moore*, 121 Ala. 382. A receiver should not be appointed unless it reasonably appears from the case made upon the motion that it is probable that complainant will be entitled to final relief.—*Micou v. Moses Bros.*, 72 Ala. 439; *Meyer v. Johnston*, 53 Ala. 335. The Louisville & Nashville Railroad Company has always operated the South & North Alabama Railroad Company under a valid contract and is still so doing. The directors of the South and North Alabama Railroad Company have no interest in the Louisville and Nashville Railroad Company, and the fact that they were elected by its vote raises no presumption against them.—*Decatur Mineral Land Co. v. Palm*, 113 Ala. 539; *Potter v. Pittsburg, etc., Steel Co.* 120 U. S. 691; *Pullman Palace Car Co .v. Mo. Pac.*, 115 U. S. 596.

The chancery court of Jefferson county has prior jurisdiction of the same subject matter and complainant cannot, therefore, recover in this cause.—*Troy Fertilizer Co. v. Presswood*, 116 Ala. 119; *Gay, Hardie & Co. v. Brierfield Coal & Iron Co.*, 94 Ala. 308; *Gould v. Hayes*, 19 Ala. 448; *Peck v. Jenness*, 7 How. 624; *Gaylord v. Fort Wayne*, 6 Bliss 286; High on Injunctions, § 15; *Easton v. Patterson & Hinchman*, 2 Stew. & Port. 15; *King & Ansley v. Smith & Steele*, 15 Ala. 269. The directors, under the facts in this case, had the right to

manage the suit, and complainant could not have ignored them.—*L. & N. R. R. Co. v. Neil,* 128 Ala. 149; *Decatur, etc. v. Palm,* 113 Ala. 531; *Hawes v. Oakes,* 104 U. S. 450. A receiver will only be appointed to preserve the property pending the litigation.—*Micou v. Moses Bros.,* 72 Ala. 440; *Meyer v. Johnson,* 53 Ala. 335; *Bank of Florence v. U. S. Savings & Loan Association,* 104 Ala. 299; *Overton v. Memphis & Little Rock R. R. Co.,* 10 Fed. Rep. 866; *Meyer v. Thomas,* 131 Ala. 111; *Etowah Mining Co. v. Wills Valley Mining & Mfg. Co.,* 106 Ala. 496; *Bridgeport Development Co. v. Tritsch,* 110 Ala. 287. The court has no power to remove the existing directors and appoint a new governing body for the South & North Alabama Railroad.—*Taylor v. Decatur Mineral Land Company,* 112 Fed. Rep. 452; *Alabama Coal & Coke Co. v. Shackelford,* 137 Ala. 231; *Meyer v. Thomas,* 131 Ala. 111.

PHARES COLEMAN, and S. H. DENT, JR., for appellee. —Although the appointment of a receiver of a corporation at the suit of a minority stockholder is a very drastic remedy, a court of equity will make such appointment, where it is plainly shown that there has been such fraud or mismanagement on the part of the officers and directors as works manifest oppression or wrong to the minority stockholders.—Beach on Receivers, § 424, pp. 460-462; 23 Amer. & Eng. Ency. Law, pp. 1023, et seq.; *Roman v. Woolfork,* 98 Ala. 219; *Davis v. U. S. El. Pow. & L. Co.,* 77 Md. 35; *Hand v. Dexter,* 41 Ga 454; *Haywood v. Lincoln Lum. Co.,* 64 Wis. 45; *Rathbone v. Parkersburg Gas Co.,* 31 W. Va. 798, where directors tried to change situs of corporation, failed to keep books, etc., and receiver was properly appointed; *Blatchford v. Ross,* 54 Barb, 42 S. C., 34 How. 110; *Morris v. Elyton Land Co.,* 125 Ala. 263, 279; *Elyton Land Co. v. Dowdell,* 113 Ala. 177; see, also, *Rothwell*

*v. Robinson,* 44 Minn. 528; *B. & O. R. R. Co. v. Cannon,* 72 Md. 493; *Ranger v. Champion Cotton Press Co.,* 52 Fed. Rep. 609; *Flukes v. Emporia City Ry. Co.,* 48 Kans. 577; *Mason v. Pewabic Mining Co.,* 133 U. S. 63, as to strictness of rule; and also Beach on Receivers, § 424, p. 464; *Greaves v. Gore,* 69 N. Y. 154; *Brewer v. Boston Theater,* 104 Mass. 378; *Hawes v. Oakland,* 104 U. S. 450; *Clark v. Nat. Linseed Oil Co.,* (C. C. A.) 105 Fed. Rep. 787. A receiver will be appointed where it is made to appear that there is such fraud or maladministration that the business of the corporation cannot be carried on honestly and to the best interests of its stockholders. The receivership, however, is limited in time and extent, as the circumstances will allow.—3 Cook on Corps. (15th Ed.) § 746, pp. 1919-21; *Davis v. U. S. El., etc., Co.,* 77 Md. 35, where one company controlled the other; *Miner v. Belle Isle Ice Co.,* 93 Mich. 97, 17th L. R. A. 412; *Sternchberg v. Wolff,* 56 N. J. Eq. 555, 389; *State v. Boston, etc., Co.,* 22 Mont. 220, 241, where all the property of the company is sold; *Jasper, etc., Co. v. Wallis,* 123 Ala. 652; *Cameron v. Groveland Co.,* 20 Wash. 169; *Sincer v. Alverson,* 51 La. Ann. 955; *McGilliard v. Donaldsville, etc., Co. Works,* 104 La. Ann. 544; *Becker v. Gulf City, etc., Co.,* 80 Tex. 475, where there had been illegal acquisition of the railroad; *Aikin v. Col. River Irr. Co.,* 72 Fed. Rep. 591; *Bridgeport Der. Co. v. Tritsch,* 110 Ala. 274; *Stewart v. Belt,* 1 Miss. 19 So. Rep. 957, where all the property was about to be sold; *State v. District Court,* 15 Mont. 324; see, especially, *State ex rel. Ind. Dist. Tel. Co. v. Second Judicial Dist. Co. of Silver Bow Co.,* 15 Montana 324; 27 L. R. A. 393; *Re Lewis,* 52 Kans. 660.

If equity be apparent on the face of the bill, though the facts stated are illy pleaded, a motion to dismiss for the want of equity will not be sustained, since the bill

will be considered as if amended in regard to all defective pleadings. This rule, which is thoroughly established by this court, is applicable to a motion to dissolve an injunction for want of equity in the bill; there being no answer filed by the respondents.—*Scale v. Robinson,* 74 Ala. 368; *East & West Railroad Co. v. E. T. V. & Ga.,* 75 Ala. 275; *Gardner v. Knight,* 124 Ala. 273; *Blackburn v. Fitzgerald,* 130 Ala. 548; *West v. L. & N. R. R. Co.,* 137 Ala. 568; *L. & N. R. R. Co. v. City of Bessemer,* 108 Ala. 238. The bill to restrain the further prosecution of the suit filed by the South & North Alabama Railroad Company, in the chancery court of Jefferson county, is not an effort on the part of the complainants in the present suit to oust the chancery court of Jefferson county of jurisdiction. There is, in fact, no question of jurisdiction involved whatever. The bill of Henry B. Gray so far as it seeks to enjoin the prosecution of that suit, is directed not against the court, but against the South & North Alabama Railroad Company, and the ground of relief sought is that the suit there is fraudulent and collusive, and is not filed in good faith. This is sufficient to give the city court of Montgomery, sitting in equity, jurisdiction; and upon a motion to dissolve an injunction heretofore issued, certainly gives the bill equity.—*The Coliseum v. Interstate Lumber Co.,* 123 Ala. 512; *Alabama National Bank v. Mary Lee Coal & Ry. Co.,* 108 Ala. 288; *Ball v. Montgomery Light Co.,* 103 Ala. 275-279.

ANDERSON, J.—The original bill in the case at bar was filed primarily for an accounting between the two companies, by the complainant Gray, a minority stockholder, in the South & North Company, and who also prays for a receiver, and for an injunction restraining the directors from proceeding with the prosecution of a bill heretofore filed by them for the South & North Com-

pany in the Jefferson chancery court, seeking an accounting between the two companies, as well as a sale of the South & North Railroad Company to the Louisville & Nashville Railroad Company. The South & North Company moved to .dissolve the injunction against its "officers, directors," etc., which seeks to restrain them from further prosecuting the case in the Jefferson chancery court, "because there is no equity in the bill, in so far as it prays such injunction," and seeks by this appeal to review the action of the judge of the city court in refusing its motion.

If the allegations of the bill are not sufficient to warrant the interference by injunction, the injunction may be dissolved for want of equity in that respect, although the bill may be retained for other relief.—*Norris v. Norris*, 27 Ala. 519; *Harrison v. McCrary*, 37 Ala. 688. The original bill in the case at bar shows upon its face the Jefferson county bill and the filing thereof, and that it was filed in response to a demand made upon the directors of the South & North Company by Henry B. Gray. It is to be observed that the chancery court of Jefferson county had acquired jurisdiction of the subject-matter of the present suit and of all prima facie proper parties necessary to an accounting. It is true the complainant Gray was not a party to the Jefferson county case, as the suit was properly instituted by the directors in the name of the South & North Railroad Company, which is the proper party complainant. It could not be maintained by a stockholder, except under certain conditions, which will be hereafter discussed and considered.

It must be further observed that the Jefferson county chancery court has co-ordinate jurisdiction with the Montgomery city court, and is competent to grant all equitable relief obtainable in said city court. When the jurisdiction of the chancery court has once attached, its

jurisdiction will not be disturbed by that of another court of equal powers.—*Troy Co. v. Prestwood,* 116 Ala. 119, 22 S. W. 262. "It is an admitted principle that, where two courts have an equal and concurrent jurisdiction, the one that commences the exercise of its jurisdiction first has the preference, and is not to be obstructed in the legitimate exercise of its powers by the court that, on the subject-matter, would be only co-ordinate."—*Eaton v. Patterson,* 2 Sew. & P. 15. "The well-established rule is that, in cases where two courts have concurrent jurisdiction, the court which first takes cognizance of the cause retains it to the exclusion of the other."—*King v. Smith,* 15 Ala. 269. "It may be conceded as a general rule that, where two courts have concurrent jurisdiction over the same thing, the one which first possesses the cause has a right to proceed with it; and cannot be prohibited or restrained by any other."— *Nelson v. Dunn,* 15 Ala. 514. "The law is too well settled to be questioned, that where two courts have concurrent jurisdiction, that which first takes cognizance of the cause has the right to retain it to the exclusion of the other."—*Gould v. Hayes,* 19 Ala. 438; *Gay v. Brierfield,* 94 Ala. 308. "When different courts have concurrent jurisdiction, the one before whom proceedings may be first had, and whose jurisdiction first attaches, must necessarily have authority paramount to the other courts, or, rather, the action first commenced shall not be abated by an action commenced between the same parties, in relation to the same subject, in the same or any other court."—*Stearns v. Stearns,* 16 Mass. 171. "It is the adoption of law too long established to require a citation of authorities that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause. * * * and that, where the jurisdiction of the court and the right of a plaintiff to prosecute his suit in it have once attached, that right

cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity; for if one may enjoin, the other may retort by injunction, and thus the parties be without remedy, being liable for a process for contempt in one if they dare to proceed in the other. * * * The fact therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum."— *Peck v. Jenness*, 7 How. (U. S.) 624; 12 L. Ed. 846. "Where one of two courts of co-ordinate jurisdiction and powers has obtained jurisdiction of a cause, it should retain it until finally disposed of; and, although both courts may have authority to grant injunctions, yet if one tribunal, properly having cognizance of the case, has exercised its jurisdiction ,the other could refuse to interfere. * * * Nor will the prosecution of a suit in one court be enjoined by a court of co-ordinate jurisdiction, when the former tribunal may afford adequate relief."—High on Injunctions (3d Ed.) § 15. "While courts of equity, as is thus shown, are averse to permitting their jurisdiction, when it has once attached, to be usurped by other tribunals, they will not, upon the other hand, interfere with proceedings in other courts of competent jurisdiction which have first acquired control over the subject-matter of the controversy."—High on Injunctions (3d Ed.) § 50. "It is the settled law of this state that the prosecution of a suit in one court cannot be enjoined by another court of co-ordinate jurisdiction. Exceptions to this rule have been suggested, in case the court in which the proceedings sought to be enjoined are pending cannot afford adequate relief."—*Wilson v. Baker*, 64 Cal. 476, 2 Pac. 253. "The principle * * *

15 R

is properly stated * * * that the court which first takes cognizance of the controversy is entitled to retain jurisdiction to the end of the litigation, and incidentally to take the possession or control of the res, the subject-matter of the controversy, to the exclusion of all interference from other courts of concurrent jurisdiction, and that the proper application of this principle does not require that the court which first takes jurisdiction of the controversy shall also first take the actual possession of the thing in controversy. * * * We think * * * that the only safe rule to follow * * * is that the court which first takes control of the controversy (even though it may be by an imperfect bill, so it gives jurisdiction of the controversy and thereby of the res) is entitled to maintain it to the end, without being disturbed by any other court of concurrent jurisdiction."—*Gaylor v. R. R. Co.*, 6 Biss. (U. S.) 286, Fed. Cas. No. 5,284

In discussing the rights of minority stockholders to sue to redress wrongs of the corporation, Mr. Pomeroy, in volume 3, § 1095, of his excellent work on Equity Jurisprudence, says: "Although the corporation holds all the title, legal or equitable, to the corporate property, and is the immediate cestui que trust under the directors with respect to such property, and is theoretically the only proper party to sue for wrongful dealings with the property, yet courts of equity recognize the truth that the stockholders are ultimately the only beneficiaries; that their rights are really, though indirectly, protected by remedies given to the corporation; and that the final object of suits by the corporation is to maintain the interests of the stockholders. While, in general, actions to obtain relief against wrongful dealings with the corporate property by directors and officers must be brought by and in the name of the corporation, yet, if in any such case the corporation should re-

fuse to bring a suit, the courts have seen that the stock-
holders would be without any immediate and certain
remedy, unless a modification of the general rule were
admitted. To that end the following modification of the
general rule stated in the last preceding paragraph has
been established as firmly and surely as the rule itself.
Wherever a cause of action exists primarily in behalf of
the corporation against directors, officers, and others,
for wrongful dealing with corporate property or wrong-
ful exercise of corporate franchises, so that the remedy
should regularly be obtained through a suit by and in
the name of the corporation, and the corporation either
actually or virtually refuses to institute or prosecute
such a suit, then, in order to prevent a failure of justice,
an action may be brought and maintained by a stock-
holder or stockholders, either individually or suing on
behalf of themselves and all others similarly situated,
against the wrongdoing directors, officers, and other per-
sons; but it is absolutely indispensable that the corpor-
ation itself should be joined as a party, usually as a
co-defendant. The rationale of this rule should not be
misapprehended. The stockholder does not bring such
a suit, because his rights have been directly violated, or
because the cause of action is his, or because he is enti-
tled to the relief sought. He is permitted to sue in this
manner simply in order to set in motion the judicial
machinery of this court. The stockholders, either indi-
vidually or as the representative of the class, may com-
mence the suit, and may prosecute it to judgment; but
in every other respect the action is the ordinary one
brought by the corporation, it is maintained directly for
the benefit of the corporation, and the final relief, when
obtained, belongs to the corporation, and not to the
stockholder plaintiff. The corporation is, therefore, an
indispensably necessary party, not simply on the gen-
eral principles of equity pleading, in order that it may

be bound by the decree, but in order that the relief, when granted, may be awarded to it, as a party to the record, by the decree. This view completely answers the objections, which are sometimes raised in suits of this class, that the plaintiff has no interest in the subject-matter of the controversy, nor in the relief. In fact, the plaintiff has no such direct interest. The defendant corporation alone has any direct interest. The plaintiff is permitted, notwithstanding his want of interest, to maintain the action solely to prevent an otherwise complete failure of justice. When may such an action be brought? I have already stated the rule in its most general form: That a stockholder may thus sue whenever the corporation either actually or virtually refuses to permit a proceeding by itself. These are two distinct conditions of fact, and the circumstances must determine whether any particular case belongs to one or the other of the two conditions. In general, a case should come within the first condition; and it should appear that the board of directors or other managing body has actually refused to bring or permit an action in its own name. To this end the plaintiff should allege an application to the directors or managing body, a reasonable notice, request, or demand that they would institute proceedings on the part of the corporation against the wrongdoers, and their refusal to do so after such reasonable request or demand. These allegations are material and issuable. If controverted by the defendant, they must be proved. If the proof of them fails, the whole foundation of the plaintiff's action is gone. This condition of fact, however, is not indispensable. The action may be maintained without showing any notice, request, or demand to the managing body, or any actual refusal by them to prosecute; in other words, the refusal may be virtual. If the facts as alleged show that the defendants charged with the wrongdoing, or some of them, con-

stitute a majority of the directors or managing body at
the time of commencing the suit, or that the directors
or a majority thereof are still under the control of the
wrongdoing defendants, so that a refusal of the man-
aging body, if requested to bring a suit in the name of
the corporation, may be inferred with reasonable cer-
tainty, then an action by a stockholder may be main-
tained without alleging or proving any notice, request,
demand, or express refusal. In like manner, if the
plaintiff's pleading discloses any other condition of fact
which renders it reasonably certain that a suit by the
corporation would be impossible, and that a demand
therefor would be nugatory, the action may be main-
tained, without averring a demand or any other similar
proceeding on the part of the stockholder plaintiff." It
therefore appears that, when the suit is brought, wheth-
er by directors or a stockholder, "it is maintained
directly for the benefit of the corporation, and simply
to set in motion the judicial machinery of the court,"
and, when that machinery has been set in motion, the
court which acquires jurisdiction of the subject-matter
and of the parties should be permitted to determine all
questions involved. The corporation being the interested
party, all parties interested are before the court by rep-
resentative, whether the suit is instituted by the di-
rectors or a minority stockholder, and the fact that the
stockholders were not named as actual parties to the
Jefferson county chancery suit does not prevent said
court from having jurisdiction of the subject-matter and
of the proper parties to a bill for an accounting between
the two companies. The jurisdiction was invoked upon
the demand of Gray, and he cannot now be permitted to
restrain the proceedings in the first court by an injunc-
tion from another court of co-ordinate jurisdiction.

The complainant seeks to avoid the effect of the insti-
tution of the suit by the directors by averring that they

made a "simulated" compliance with his demand and that they are unfit persons to conduct the litigation. The filing of the bill was an actual compliance with his demand in that respect, and was enough to set in motion the machinery of the chancery court of Jefferson county. The unfitness of the directors to manage and conduct the suit does not affect the jurisdiction invoked by them upon this complainant's demand. If they were unfit to bring the Louisville & Nashville Railroad Company to a proper accounting, the complainant may have had a right to take action without having first made the demand on them to file the bill; but he made the demand, and in compliance therewith they filed the bill for an accounting in the Jefferson chancery court, and their unfitness to conduct the litigation is no good ground for transferring the controversy to another forum with no greater powers than the one first acquiring jurisdiction. If the directors will not prosecute the Jefferson county case in good faith, the complainant and other stockholders should be permitted to intervene upon making a proper showing to the chancellor. As the chancery court of Jefferson county is locus in quo, they must seek protection, and not by another bill for an accounting in the city court of Montgomery.—16 Cyc. 201; Foster's Fed. Pro. p. 290, § 201; 2 Bates, Fed. Eq. Pro. § 632; 1 Beach on Modern Eq. Proced. 574; *Gunderson v. Trust Co.,* 100 Ill. App. 461; *Bayliss v. Railroad,* 8 Biss. (U. S.) 193, Fed. Cas. No. 1,141; *Doke v. Williams,* 34 South. 569, 45 Fla. 248. The complainant belongs to the excepted class mentioned in *Printup's Case,* 87 Ala. 148, 6 South. 418, and would have the right to intervene in the former suit upon making the proper showing.

Courts of co-ordinate jurisdiction can restrain the enforcement of decrees rendered in other courts upon certain conditions, and in some jurisdictions they have re-

strained proceedings in other courts of equal powers, but the latter instances fall within the exception; and as is said by Mr. Pomeroy: "The reasons for attacking and setting aside a decree already obtained on account of fraud do not necessarily apply to an interference with the litigation while pending in another court having full powers to deal with all equities which may arise. * * * We speak of it, not as a power usually to be exercised, but as one beyond jurisdiction in the court." The cases cited by counsel for appellees are not at all in conflict with the foregoing views. The *Colisam Case*, 123 Ala. 512, 26 South. 122, is simply a short opinion reaffirming the case of *Ala. Bank v. Mary Lee Co.*, 108 Ala. 288, 19 South. 404, which said last case holds that a court of equity has the right to cancel a decree fraudulently and collusively procured in a court of equity. For aught we know the first decree may have been rendered by the city court, the same court in which the bill was filed. But we do not mean to hold that one court of equity cannot cancel a judgment or decree, or restrain the enforcement thereof, which was fraudulently rendered by another court of co-ordinate jurisdiction. Indeed, we endeavored to draw a distinction in the foregoing opinion between the right of one court to restrain the enforcement of a judgment or decree of another court, and of restraining the proceeding in a court of co-ordinate jurisdiction. Nor is the case of *Bell v. Montgomery Light Co.*, 103 Ala. 275, 15 South. 569, in conflict in the slightest with this opinion. That case simply holds that a stockholder can, upon certain conditions, dispense with making a demand upon the governing board to sue, which point has frequently been enunciated by this and other courts, but which has no application to the case at bar. The complainant does not go upon the theory

after procuring the filing of the bill, now seeks to enjoin a prosecution of the same. The case of *Vendall v. Harvey, Nelson,* 19, is one of a collection of cases decided during the reign of King Charles I, King Charles II, and King William III, and which were probably not considered worthy of being reported. At any rate they were not reported, until W. Nelson of the Middle Temple Exchequer, decided to do so in the year 1872. This was simply an opinion or decree of the Chancery Court, ignoring an injunction from the Exchequer; the court saying: "For as the court doth not hinder the proceedings in the Exchequer, so that court is not to obstruct the proceedings here by injunction." The city court of Montgomery should not hinder proceedings in the chancery court of Jefferson county. The case of *Earl of Bandon v. Bacher,* 3 Clark & F. 479, has no bearing on the question. The case of *Beckford v. Kemble,* 1 Simmons & Stewart, 7, seems to hold that the Chancery Court of England had authority to enjoin proceedings in the colonial court of Jamaica, as the injunction was issued to restrain the parties from proceeding in a supplemental suit in Jamaica, because the English Chancery Court had acquired jurisdiction of the subject-matter and decreed a redemption which involved an accounting, and which was sought by the Jamaica bill. If the foregoing opinion is sound, the right to restrain should have been exercised by the chancery court which first acquired jurisdiction. The case of *Clarke v. Earle of Orme,* 1 Jacob, 546, was to the effect that C. P. Blick, an annuity creditor of the late marquis, be enjoined from further proceeding in a suit instituted by him and the other creditors of the testator in the Court of Chancery in Ireland. The bill in Ireland was filed about the same time as those in the present suits (the English suits), but the subpoenas were not served until April, 1822. In the

[Gray, et al. v. South & North Alabama Railway Co., et al.]

meantime Blick had in November, 1821, carried in a charge under the decree in these suits, claiming as a creditor the arrears due upon the annuties, and his claim was allowed by the master. Blick was enjoined upon proceeding with the Ireland case, because the English court had first acquired jurisdiction. The case of *Erie R. R. Company v. Ramsey*, 45 N. Y. 637, while containing a very full discussion as to the injunctive rights and powers of courts of co-ordinate jurisdiction, is purely dictum, except so far as it holds that the court in which the second bill was filed had the power and jurisdiction to issue the injunction, and that Ramsey was in contempt for violating it before it had been dissolved, but does not hold that it was properly granted.

The case of *Mann v. Flower*, 26 Minn. 479, 5, N. W. 365, cited by counsel, is rather in favor of, than opposed to, our conclusion in the case at bar, and we quote therefrom: " 'Injunctions may be obtained to stay proceedings in other courts of equity, whether such courts are courts of law or equity, or spiritual courts, or courts of admirality, or courts of a foreign country.' This statement restricts the rule to staying proceedings in other courts. The power in one eqiutable action to restrain proceedings in another equitable action in the same court is affirmed in *Erie R. R. Co. v. Ramsey*, 45 N. Y. 637. That case decides only on the power and jurisdiction to enjoin, but does not determine when it is proper to exercise it. The same thing was decided in *Prudential Assur. Co. v. Thomas*, L. R. 3 Ch. App. 74, in which it was held that a bill of interpleader was a proper case in which to enjoin proceedings in another eqiutable suit in the same court. And inasmuch as the injunction operates only upon the parties to the action, and not upon the court in which it is pending, we can see no difference, so far as the power to restrain is concerned, between an

action in the same and one in another court. In either case the power or jurisdiction exists. That it ought to be rarely used is true; but there may be cases where its use is necessary to adequately protect the rights of parties. It has been held in many cases that the court ought not, in one action, to restrain proceedings in another equitable action, to which the party applying for the injunction was a party. These cases have gone on the ground that an adequate remedy was open to the party in the original action. When such is the case, there can be no necessity for the injunction, and, of course, it ought not to issue. This action, however, is brought by a stranger to the action in which the proceedings are sought to be enjoined. The reason which would generally prevent a party to the original action prosecuting this, and in its restraining the proceeding in the former, does not exist. It was decided, indeed, in *Smith v. American Life Ins. Co.*, 1 Clark, Ch. (N. Y.) 307, in a case where the plaintiff seeking the injunction was a stranger to the original suit, that 'as a general rule an injunction is not the proper mode of obtaining a stay of proceeding under a bill or decree in this court, where the application is made by parties or privies or by a stranger who has filed a new bill.' The rule was repeated in *Lane v. Clark, Id.* 309, where a party to the original suit had filed a new bill. And it is approved in *Platto v. Deuster*, 22 Wis. 482, the decision in which was followed in *Endter v. Lennon*, 46 Wis. 299, 50 N. W. 194." Indeed, this case restricts the right, even when the jurisdiction exists, to enjoin the proceedings in the former action only so far as such stay may be necessary to preserve the rights put in issue by him in the subsequent action. If the second action put in issue matters covered by the first action, he would have no right to enjoin. It is also intimated in the opinion in said case that the demand was useless, but made the demand, and,

that the plaintiff could have intervened after the action between Flower and Cornish, and before the assignment to other parties, but that as he did not then do so, he could not have brought the assignee into the original suit.

On the other hand, there are authorities, not only questioning the right and propriety, but denying the jurisdiction of one court to enjoin proceedings in another court of co-ordinate jurisdiction.—*Endter v. Lennon,* 46 Wis. 299, 50 N. W. 194; *Platto v. Deuster,* 22 Wis. 482; *Waymire v. S. F. R. R. Co.,* 112 Cal. 646, 44 Pac. 1068; *Wolfe v. Titus,* 124 Cal. 264, 56 Pac. 1042. See, also, High on Injunctions (4th Ed.) §§ 48 to 52, inclusive. The bill, showing upon its face that the chancery court of Jefferson county had acquired jurisdiction of the subject-matter and of the proper and necessary parties, is without equity in so far as it seeks an accounting in the city court of Montgomery, and the motion to dissolve the injunction restraining the prosecution of the Jefferson county suit should have been sustained. The decree of the judge of the city court, overruling the motion to dissolve the injunction, is reversed, and a decree is here rendered sustaining the same and dissolving the injunction.

We need not determine whether or not the bill contains equity, independent of the accounting feature, as the equity of the bill in its entirety is not questioned by the motion to dissolve the injunction. It may be that the bill has equity so far as it seeks to enjoin a sale of the South & North Railroad; but, shorn of the accounting feature, no case is made out for the appointment of a receiver pendente lite. The judge of the city court properly denied the application for a receiver, and the decree in that respect is affirmed.

[Robbins, et al. v. Brown, et al.]

Affirmed upon the cross appeal of Gray and others, and reversed and rendered on the appeal of South & North Railroad Company. All the Justices concur, except WEAKLEY, C. J., disqualified and not sitting.