[L. A. No. 3868. Department One.—December 16, 1916.]

JOSEPH AUERBACH et al., Respondents, v. EVA G. HEALY et al., Appellants.

CHARLES F. HEALY et al., Appellants, v. JOSEPH AUERBACH et al., Respondents.

PLEADING—REFORMATION OF CONTRACTS—NECESSARY ALLEGATIONS OF COMPLAINT.—A complaint for the reformation of a contract should allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement. If the complaint seeks the correction of a description of land, it must describe the premises so as to render certain the location and the boundaries. It is necessary to aver facts showing how the mistake was made, whose mistake it was, and what brought it about, so that the mutuality may appear; but in this state mutuality is not always necessary, it being sufficient if there was a mistake of one party which the other at the time knew or suspected, although the facts showing a mistake of that character, in such a case, must likewise be alleged.

ID.—FATALLY DEFECTIVE COMPLAINT.—The complaint is lacking in substance as well as in form where, although it might be inferred from the whole record that one of the plaintiffs sold and agreed to convey to one of the defendants the tract of land in question, it does not allege this fact, it alleging merely that on a certain day said plaintiff executed to said defendant the grant deed copied in the complaint, it not appearing whether in pursuance of a sale or other agreement or not.

ID.—RIGHT TO MAINTAIN SUIT—INTEREST IN PROPERTY — INSUFFICIENT COMPLAINT.—No one can maintain an action to reform a deed or other contract unless he has some title or interest to be subserved or protected by such reformation, and the complaint in such an action is defective where it does not allege that the plaintiffs, or either of them, have or claim any right, title, or interest, legal or equitable, in the property.

ID.—MATERIALITY OF MISTAKE — INSUFFICIENT ALLEGATION — DESCRIPTION.—Where it is claimed, although not alleged in the complaint, that the true description of the lot in question is "Lot numbered thirteen in block numbered seven, of Belle-Vernon Acres," and that the words "in block seven" were omitted from the description, but nothing is alleged to show that the lot is not accurately described without these words, there being no averment that there is more than one block in Belle-Vernon Acres, or that there is more than one lot numbered 13 in the entire tract, the allegation is insufficient.

ID.— ALLEGATION OF OPINION.— The statement that the description "should have contained the words 'block seven' after the word 'of' and before the words 'Belle-Vernon Acres,' " is a mere opinion, where the complaint nowhere alleges the fact that the words "block seven" are a part of the true description.

ID.— INSUFFICIENT ALLEGATION OF MISTAKE.— The mistake in such a case is not properly alleged where it is merely declared "that the draftsman omitted to insert in said description the block in which said lot of land was located," as both parties may have fully under-stood it and may have intended it that way.

ID.—INSUFFICIENT ALLEGATION OF INTENTION.—The statement, "that in order to make said deed properly pass the title to said premises and properly describe the same and to make it conform to the actual intention of the parties, it is necessary that the description should be amended so as to read as follows: Lot thirteen, block seven, 'Belle-Vernon Acres' as per map, recorded in book 9, page 196, of maps in the office of the county recorder of Los Angeles County, state of California," is not an allegation stating what the intention of the parties was, but is a mere conclusion as to the effect of the deed.

ID.—DENIAL OF EXECUTION OF DEED—LACK OF MATERIAL FINDING.— An answer denying the execution of the deed sought to be reformed raised a material issue and a finding upon that issue should have been made.

ID.—INSUFFICIENT FINDING.—A finding that all the allegations of the answer are not true is not a finding that all of them are untrue or that any particular one of them is untrue, and does not negative the fact that some of them may have been true.

APPEAL from a judgment of the Superior Court of Los Angeles County. George L. Jones, Judge presiding.

The facts are stated in the opinion of the court.

W. R. Law, for Appellants.

M. Randall, for Respondents.

SHAW, J.—Although two actions are here involved, there was but one judgment and but one appeal.

On September 27, 1913, Charles F. Healy and Eva G. Healy, his wife, filed a complaint against Joseph Auerbach and Louise Auerbach, his wife, to recover possession of and quiet title to a parcel of land, of which said plaintiffs were alleged to be the owners, described as "Lot thirteen, block

seven of Belle-Vernon Acres," according to the map thereof recorded in the office of the county recorder, situated in Los Angeles County. This action was numbered in the superior court, B-5060. Auerbach and wife filed an answer on October 10, 1913, denying the ownership of the Healys and alleging that said defendants were the owners in fee and were in possession of the premises.

On December 12, 1913, Auerbach and wife filed a complaint against Healy and wife praying for the reformation of a certain deed therein set forth in full, executed by Eva G. Healy, the defendant, to Joseph Auerbach. This action was numbered in the superior court, B-7391. Healy and wife answered this complaint, denying the execution of the deed sought to be reformed and denying that there was any mistake therein, or that it does not properly describe the premises intended to be conveyed, and alleging that the deed was executed without any consideration, and that it was obtained by means of threats to imprison the husband of the said Eva G. Healy. They also filed a cross-complaint to quiet title against the claims of Auerbach and wife to the lot and to recover possession thereof.

For the purposes of trial, decision, and judgment the cases were consolidated by order of the superior court. The court made its decision in writing intended to cover both cases, and thereupon gave judgment dismissing the action of the Healys, and further that the deed set forth in the complaint in *Auerbach* v. *Healy* be reformed in accordance with the complaint in said action, so that the description of the lot conveyed thereby should read thus: "Lot thirteen, block seven, of Belle-Vernon Acres, as per map recorded in book 9, page 196, of maps, in the office of the county recorder of Los Angeles county, state of California," and directing the defendant, Eva G. Healy, to make and deliver to Joseph Auerbach a grant deed in accordance with the judgment, and for costs. From this judgment Healy and wife appeal.

The rules of pleading in actions for the reformation of contracts are well established, and should be familiar. The complaint should allege "what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement." (34 Cyc. 972.) If the complaint seeks the correction of a description of land, "the pleading must describe the premises so as to render certain

the location and boundaries." (34 Cyc. 973.) It is neces-
sary to aver facts showing how the mistake was made, whose
mistake it was, and what brought it about, so that the mutu-
ality may appear. (34 Cyc. 974; 14 Ency. Pl. & Pr. 42;
*Wright* v. *Shafter,* 48 Cal. 275.) In this state mutuality is
not always necessary. It is sufficient if there was "a mistake
of one party, which the other at the time knew or suspected."
(Civ. Code, sec. 3399.) But the facts showing a mistake of
that character, in such a case, must likewise be alleged.

The complaint in *Auerbach* v. *Healy* and the findings are
fatally defective in many particulars. In the absence of a
demurrer, great liberality has been indulged in order to sus-
tain faulty complaints in actions to reform contracts. (*New-
ton* v. *Hull,* 90 Cal. 487, 495, [27 Pac. 429]; *Seegelken* v.
*Corey,* 93 Cal. 92, 95, [28 Pac. 849]; *Peasley* v. *McFadden,*
68 Cal. 611, 616, [10 Pac. 179]; *Ward* v. *Waterman,* 85 Cal.
488, [24 Pac. 930].) But the complaint in *Auerbach* v.
*Healy* is lacking in substance as well as in form and cannot
be upheld under the most liberal rule. From the record as
a whole, we infer that Eva G. Healy has sold and agreed to
convey to Joseph Auerbach the tract of land above described.
These facts, however, are not alleged in the complaint. It is
alleged that on July 15, 1913, Eva G. Healy executed to
Joseph Auerbach the grant deed copied in the complaint, but
whether in pursuance of a sale or other agreement does not
appear. The claim of Auerbach, as appearing elsewhere, is
that the true description of the lot is "Lot numbered thirteen
in Block numbered seven, of Belle-Vernon Acres." But this
is not alleged in the complaint. Nor is it alleged that Auer-
bach or his wife, or both of them, have or claim any right,
title, or interest, legal or equitable, in the lot in question, or
in any property whatever. There can be no doubt of the
proposition that no one can maintain an action to reform a
deed or other contract unless he has some title or interest to
be subserved or protected by such reformation. None appears
in this complaint. Again, it does not appear that the mis-
take would be material if it were properly alleged. The claim
is that the words "in block seven" were omitted from the
description. Nothing is alleged to show that the lot is not
accurately described without these words. There is no aver-
ment that there is more than one block in Belle-Vernon Acres,
or that there is more than one lot numbered 13 in the entire

tract. If, as a matter of fact, Belle-Vernon Acres contains but one lot 13, the deed would be effective as it is and no reformation would be necessary. The statement that the description "should have contained the words 'block seven' after the word 'of' and before the words 'Belle-Vernon Acres,'" is a mere opinion, since the complaint nowhere alleges the fact that the words "block seven" are a part of the true description.

The making of the mistake itself is not properly alleged. It declares that "the draftsman omitted to insert in said description the block in which said lot of land was located." Nevertheless, both parties may have fully understood it and may have intended it to be as it is. The identity of the draftsman does not appear. The statement "that in order to make said deed properly pass the title to said premises and properly describe the same and to make it conform to the actual intention of the parties, it is necessary that the description should be amended so as to read as follows: Lot thirteen, block seven, 'Belle-Vernon Acres,' as per map, recorded in book 9, page 196, of maps, in the office of the county recorder of Los Angeles county, state of California," is not an allegation stating what the intention of the parties was. It states only that in order to make the deed "conform to the actual intention of the parties," it must be amended as stated. This is a mere conclusion as to the effect of the deed and is not a statement of the intention. Under the liberal rule applying in the absence of a demurrer for uncertainty, this might be held to be sufficient, if there were no other defects in the complaint. But in view of the other faults we have mentioned, we cannot approve of the pleading nor hold that it states a cause of action.

The findings do not cover all of the material issues. The answer in *Auerbach* v. *Healy* denied the execution of the deed sought to be reformed. This was a material allegation. If it was never executed at all, it is plain that no action could be maintained for its reformation. There is no finding on that issue. The findings state that the real property mentioned in plaintiff's complaint "at the commencement of this action was the separate property of Eva Healy." If this finding were true, it is clear that Joseph Auerbach could have no interest therein and no right to claim a reformation of the deed. Further, the findings say "that all of the allegations

in defendants' answer are not true," and as to the second defense, "that all of the allegations therein contained are not true at the time of the commencement of this action." The allegations of the "second defense," assuming the phrase to mean the second defense of the Healys to the action of Auerbach and wife, do not relate to the time of the commencement of the action. Moreover, a finding that all of the allegations "are not true" is not a finding that all of them are untrue, or that any particular one of them is untrue. The finding does not negative the fact that some of them may have been true. The respondent, Joseph Auerbach, should be allowed to amend his pleadings. It seems altogether probable that he may be able truthfully to state facts sufficient to constitute a cause of action. As the record stands, the judgment is not sustained by the pleadings or by the findings.

The judgment is reversed.

Sloss, J., and Lawlor, J., concurred.