[Civ. No. 461. Fourth Appellate District.—September 5, 1931.]

J. T. WEAVER, Respondent, v. J. H. RATCLIFFE et al., Appellants.

Frank Erzinger for Appellants.

H. C. Gardiner for Respondent.

MARKS, J.—This action grew out of a written agreement between the parties hereto for the sale of a one-half interest

in land in San Diego County, California, and a one-quarter interest in the minerals and oils therein, which contract was in words and figures as follows:

"March 21, 1927.

"This agreement entered into by and between J. H. Ratcliffe and L. A. Ratcliffe of Chula Vista, of the first party and J. T. Weaver of Pacific Beach, second party, witnesseth: For and in consideration of the sum of Five Hundred ($500.00) Dollars, receipt of which is hereby acknowledged, we J. H. and L. A. Ratcliffe do hereby bargain sell and convey to J. T. Weaver a one-half interest in the following described property and a one-fourth interest in all mineral and oil values which may be contained therein; lots 12 and 13 in block 69 Tp 18 R. W. being a part of the National Ranch (Rancho de la Nacion) also described as the San Diego Acres and being the location of what is known as the Todd oil well, San Diego County Cal.

"It is understood and a part of this agreement that this land is now held by option by the first party from H. J. Adams and that there is due him the sum of $150.00 per acre which is to be borne and paid for by the parties of this contract share and share alike. The amount due Mr. Adams is $3000.00 and the First party is to pay one-half and J. T. Weaver one-half of this amount.

"Signatures,

"J. H. RATCLIFFE
"First Party
"L. A. RATCLIFFE
"First Party.

"Witnesses to Signatures:
"_____

"J. T. WEAVER
"Second Party."

"_____

The court found that parties executed the foregoing contract and that respondent paid appellants the $500 mentioned therein and that within a reasonable time thereafter respondent was ready, able and willing and offered to pay appellants the balance of his portion of the purchase price of the property. It further found that the appellant's interest in said property was evidenced by an option which they did not exercise; that they failed and refused to accept

the added payment from respondent and "that the defendants have refused to perform their part of said contract and have refused to pay back to plaintiffs the said sum of Five Hundred Dollars ($500.00) paid on the purchase price of said property. That after demand made by the plaintiff upon the defendants to carry out the terms and conditions of said agreement or to repay to plaintiff the said sum of Five Hundred Dollars ($500.00), the defendants caused all their right, title and interest in and to said real estate to be conveyed to other parties and·put it out of their power to carry out the terms of said agreement." Judgment was rendered in favor of the respondent for the $500 paid to appellants. From this judgment they prosecute this appeal.

As the sole ground for reversal of the judgment appellants urge that the findings are insufficient to sustain the judgment. The only insufficiency pointed out by them is the failure of the court to find upon an issue which they attempted to tender by their pleadings, namely, mutual mistake in the contract. They urge that they did not intend to convey a one-half interest in the land and a one-quarter interest in the oil to respondent, but merely to sell to him an undivided one-half interest in the option which they held upon it.

The rules of pleading governing actions to reform a written instrument upon the ground of mistake are clearly set forth in the cases of *Auerbach* v. *Healy,* 174 Cal. 60 [161 Pac. 1157, 1158], and *Coneland Water Co.* v. *Nickalls,* 75 Cal. App. 212 [242 Pac. 518]. In the Auerbach case the Supreme Court held as follows:

"The rules of pleading in actions for the reformation of contracts are well established, and should be familiar. The complaint should allege 'what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement'. (34 Cyc. 972.) If the complaint seeks the correction of a description of land, 'the pleading must describe the premises so as to render certain the location and boundaries'. (34 Cyc. 973.)· It is necessary to aver facts showing how the mistake was made, whose mistake it was, and what brought it about, so that the mutuality may appear. (34 Cyc. 974; 14 Ency. Pl. & Pr. 42; *Wright* v. *Shafter,* 48 Cal. 275.) In this state mutuality is not always necessary. It is sufficient if there was 'a mis-

take of one party, which the other at the time knew or suspected'. (Civ. Code, sec. 3399.) But the facts showing a mistake of that character, in such a case, must likewise be alleged.''

When measured by the rules laid down in these cases appellants' pleadings do not state a cause of action for the reformation of a written instrument because of mistake. However, if we assume that a good cause of action was stated by them, still there is no evidence in the record to support such allegations. As stated by counsel for appellants in his brief, the only evidence in support thereof ''consists of the written agreement itself introduced in evidence''. While this agreement is not in itself a model, its terms would not support a finding by the trial court of mistake between the parties nor would it have supported a judgment reforming it.

If we assume the issue of mistake properly plead, the failure of the trial court to find upon this defense was not prejudicial to appellants and cannot furnish any ground for a reversal of the judgment. If a finding had been made, it must have been adverse to them, and they suffered no prejudice by the failure of the trial court to make such a finding.

Judgment affirmed.

Jennings, Acting P. J., and Finney, J., *pro tem.*, concurred.