[Civ. No. 8957. First Appellate District, Division One.—April 26, 1934.]

GEORGE C. JOHNSON, Appellant, v. SUN REALTY COMPANY (a Corporation), Respondent.

298

George C. Johnson, *in pro. per.*, for Appellant.

Loeb, Walker & Loeb and Louis M. Lissner for Respondent.

GRAY, J., *pro tem.*—Appellant appeals from (1) a minute order and a subsequent written order, each sustaining, without leave to amend, the general demurrer of the Sun Realty Company, hereinafter called the respondent, to appellant's complaint, (2) a judgment, pursuant to such orders, in favor of respondent for its costs, and (3) a minute order and a subsequent written order, each denying appellant's motion to vacate such judgment. ▌ The orders sustaining the demurrer are not appealable but are reviewable on appeal from the judgment. (*Harmon* v. *De-Turk*, 176 Cal. 758 [169 Pac. 680].) ▌ Generally, an order refusing to vacate a judgment is not appealable, but where, as here, the record on appeal from the judgment fails to disclose the grounds of the motion, it is appealable. (*Hall* v. *Imperial Water Co.*, 200 Cal. 77 [251 Pac. 912].)

■ The grounds of the motion are that the demurrer should not have been considered because, (1) when heard, it lacked the certificate of good faith, and (2) it had not been regularly transferred, both as required by court rules. Noncompliance with such rules, to which no penalty was attached, did not prevent the court from hearing and disposing of the demurrer. (*Wigman* v. *Superior Court,* 74 Cal. App. 132 [239 Pac. 427] ; see, also, *Five States Timber Co.* v. *Dwinnell,* 54 Cal. App. 113 [203 Pac. 410].) In absence of any showing to the contrary, it will be presumed that the court disregarded its rules for sufficient cause and to subserve the ends of justice, as it had the power to do. (*Connell* v. *Higgins,* 170 Cal. 541 [150 Pac. 769].)

■ Since the general demurrer challenges the sufficiency of the complaint to state any cause of action, it should not have been sustained if the complaint states facts from which any liability results, although not for some or all of the relief sought to be obtained. (*California Trust Co.* v. *Cohn,* 214 Cal. 619 [7 Pac. (2d) 297].) The propriety of the ruling on the demurrer must be determined by the consideration of the scope and effect of the allegations of the complaint. (*Biggart* v. *Lewis,* 183 Cal. 660 [192 Pac. 437].) The complaint alleges that on October 17, 1927, the respondent, in writing, leased three rooms in an office building for a term of five years to Edwin T. Kennedy, hereinafter called the defendant; that on May 2, 1930, appellant and another, with respondent's written consent, verbally subleased a portion of such rooms for the remainder of the term; that on November 7, 1930, such other person assigned his interest in the sublease to appellant, defendant and respondent each verbally consenting thereto and respondent presented to appellant a written instrument, which it stated evidenced its consent to the assignment of the sublease and which it asked him to sign; that appellant, believing such statement to be true and relying thereon, signed in the belief that it was a consent to the assignment of the sublease; that, by mutual mistake of the parties, the instrument was so drawn as to now cause respondent to claim it is an assignment of the original lease and an assumption of its obligations; that no consideration has been paid to appellant for assuming such additional obligations; that it was the intention of the parties to sign a consent to the assign-

ment of the sublease and that the substitution of other wording was due to mutual mistake and oversight of respondent's employees and the parties; that defendant has always retained possession of the rooms not subleased; that respondent has refused appellant's request for permission to examine its lease with defendant on the ground that there was no privity of contract between it and appellant, and that defendant is indebted to appellant for legal services in a specified amount, which he is entitled to offset against rent found due. The complaint further alleges that on July 25, 1931, respondent and defendant filed, in the Los Angeles Municipal Court, a complaint against appellant, claiming that under an assignment of the original lease, dated November 13, 1930, which they held, appellant had accepted and assumed all of the obligations of the original lease, including payment of rents totaling $3,300, for the lessor's benefit, and had entered into and retained possession of the leased premises; and praying for judgment in the sum of $880 for rent, attorney's fees and costs; that demand for a reformation of the instrument so as to make it a consent to an assignment of the sublease has been made and refused; that on August 7, 1931, respondent served notice that it would move the municipal court to strike out appellant's answer and render judgment against him; that appellant is without an adequate remedy at law, the municipal court is without equitable jurisdiction to reform the written instrument and, unless the prosecution of such action is restrained until the instrument is reformed, appellant will suffer irreparable loss by not being permitted to offset his claims against defendant against respondent's claims, and a multiplicity of actions will result. The prayer, which gives the gist of the action, asks a reformation of the instrument and, meanwhile, the restraint of the prosecution of the municipal court action.

A complaint for the reformation of a contract should allege what the real agreement was, what the agreement as reduced to writing was, and where the writing fails to embody the real agreement. It is also necessary to aver facts showing how the mistake was made, whose mistake it was and what brought it about, so that mutuality may appear. (*Auerbach* v. *Healy*, 174 Cal. 60 [161 Pac. 1157].) While it is necessary to state both the actual and the executed agreements, a general statement, if compre-

hensive and complete, is sufficient, although the proof may involve details. (*Gardner* v. *California Guarantee etc. Co.*, 137 Cal. 71 [69 Pac. 844].) ■ The complaint need not allege in direct terms that an agreement was made but the requirement of pleading is met if it appears reasonably and fairly from the facts stated that, in effect, such an agreement is alleged. (*Horton* v. *Winbigler*, 175 Cal. 149 [165 Pac. 423].) It would appear, therefore, that the actual and the executed agreements are sufficiently alleged. However, the facts causing the mistake are not alleged and therefore the complaint in that respect is deficient. (*Auerbach* v. *Healy, supra; Horton* v. *Winbigler, supra.*) ■ The complaint is sufficient if it shows, by direct averment, that by reason of fraud practiced by one of the parties, the executed agreement is not the actual agreement. (*Pascoe* v. *Morrison*, 135 Cal. 283 [25 Pac. (2d) 9].) This it does, for it is alleged that respondent falsely represented that the executed agreement was the one agreed upon, that appellant relied upon such misrepresentation and was induced thereby to sign. (*Cross* v. *Bouck*, 175 Cal. 253 [165 Pac. 702].) ■ If the failure to read a contract is solely due to a party's carelessness or negligence, reformation will be denied, but, if such failure or negligence is induced, as here alleged and admitted by the demurrer, by the false representations of the other party that its provisions are different from those set out, the courts, even in absence of a fiduciary or confidential relationship between the parties, will reform the instrument so as to cause it to speak the true agreement of the parties. (*California Trust Co.* v. *Cohn, supra.*) ■ Tested by the above rules, the complaint states sufficient facts for a reformation of the assignment.

The sufficiency of the facts stated to warrant the second part of the relief prayed for, to wit, the granting of an injunction, will next be considered. "An injunction cannot be granted: First—To stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings. . . ." (Civ. Code, sec. 3423; Code Civ. Proc., sec. 526.) ■ The writ will not lie to enjoin a judicial proceeding where the complainant may obtain all the relief to which he is entitled by way of

answer, defense, cross-complaint or intervention in such proceeding. (*Waymire* v. *San Francisco etc. Ry. Co.*, 112 Cal. 646 [44 Pac. 1086]; *Wolfe* v. *Titus*, 124 Cal. 264 [56 Pac. 1042].) ▮ Subdivision 4 of section 29 of the Municipal Court Act (Deering's General Laws, Act 5238) provides that: "Each municipal court shall have jurisdiction of all cases in equity, when pleaded as defensive matter or by way of cross-complaint in any case properly pending in such municipal court." Under subdivision 1(a) of the act, the municipal court had jurisdiction of the action to recover $880 as and for rent. "The reformation of contracts is a branch of the equity jurisdiction." (*Bradbury* v. *Higginson*, 167 Cal. 553, 557 [140 Pac. 254].) Therefore, since appellant could have pleaded in the municipal court action the same facts as are set forth in the present complaint, he was not entitled to an injunction, for the present action increases rather than prevents a multiplicity of proceedings. Although he could have pleaded his equitable defense in the municipal court action, he was not required to do so, and, not having done so, he is entitled to proceed with the present action. (*Lorraine* v. *Long*, 6 Cal. 452; *Hough* v. *Waters*, 30 Cal. 309; *Golson* v. *Dunlap*, 73 Cal. 157 [14 Pac. 576].)

The judgment is reversed, with instructions to overrule the demurrer.

Knight, Acting P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 26, 1934.