[L. A. No. 15226. In Bank.—September 8, 1937.]

K. A. MILLER et al., Respondents, v. CHARLES CHAPMAN LANTZ et al., as Executors, etc., Appellants.

Oliver O. Clark and Winslow P. Hyatt for Appellants.

W. A. Alderson and Miller & Ellis for Respondents.

LANGDON, J.—This action was commenced June 16, 1930, to recover a balance due for services performed under a written contract. The defendant Charles Lantz, an attorney, was engaged in the trial of a case, and employed plaintiffs K. A. Miller and Herbert N. Ellis, attorneys, to assist him in the trial. The agreement was evidenced by a letter dated May 3, 1926, from Lantz to plaintiffs, reading in part as follows: "This is to advise you that I employ you as attorneys to assist me in the trial of the case of *Broome* v. *Lantz*, No. 10149 in the Superior Court of Ventura County and agree to pay you a retainer of $800.00 plus the sum of $100.00 per day for each day required to be away from your office or engaged in the said case until the close of same in the Superior Court. This employment is not to involve any additional services beyond the Superior Court; if further services are required same to be an additional contract therefor." The letter also stated: "I agree to pay all expenses incurred by you and deemed necessary for the proper preparation of said case while away from your office or incurred in connection with the trial of said case, including any witnesses and expenses you deem necessary. . . . "

With the complaint plaintiffs filed a bill of particulars, setting forth the following important items: preparation for trial in plaintiffs' office, 3 days: $300; trial, 6 days: $600; preparation of brief, 31 days: $3,100. Other items are stated, such as preparation of motion and affidavit for disqualifying judge, and various conferences and consultations. All were charged at the rate of $100 per day. The total amount claimed was $5,068.70, and the alleged balance due was $4,618.70. A jury trial was had, lasting for nine days, and thereafter the jury brought in a general verdict, upon which judgment was given for plaintiffs in the sum of $3,500.

During the course of the trial the defendant died, and appellants, his executors, were substituted as defendants.

The appeal was taken upon a record consisting of the judgment roll and a bill of exceptions, containing only the pleadings and a few notices and orders, and omitting entirely the evidence given at the trial, the instructions, and the evidence presented at the hearing of the motion for new trial. Accordingly it must be presumed that the evidence fully supports the verdict and judgment. (*Myers* v. *Canepa,* 37 Cal. App. 556 [174 Pac. 903].) As to the alleged errors in law, there are but two which require notice.

The first is that the demurrer to the complaint should have been sustained on the ground that the same was ambiguous in alleging the authority to perform services in addition to the actual participation in the trial of the cause in the Ventura superior court. It is incidentally urged that the contract itself is void for uncertainty in this respect. The theory of appellants seems to be that the only definite element of the agreement are those calling for the $800 retainer, and for the sum of $100 per day for each day in which plaintiffs were to be "engaged" in the actual trial. For the other services it is argued that special request or authority was necessary.

It should be noted here that while defendants filed a general demurrer to the original complaint, plaintiffs thereafter filed an amended complaint to which only a special demurrer was interposed. This special demurrer was heard and overruled. Thereafter defendants filed their answer containing both denials and affirmative defenses, and the trial was had on all of the above-mentioned issues. It is manifest that any alleged uncertainty in the complaint cannot be considered prejudicial error after a full and complete trial on the merits (*Baker* v. *Miller,* 190 Cal. 263 [212 Pac. 11]), particularly when, as here, none of the evidence is brought before us. (*Myers* v. *Canepa, supra; Sledge* v. *Stolz,* 41 Cal. App. 209 [182 Pac. 340].) Moreover, the contract on its face is reasonably susceptible of the interpretation that the charge of $100 per day was to apply not only to time spent in the superior court at Ventura, but also to other work done by plaintiffs away from their office. Such is the obvious meaning of the words: "for each day required to be away from

your office, *or* engaged in said case". And the words "beyond the Superior Court" seem to have the same object as "until the close of same in the Superior Court", namely, to restrict the employment under this particular contract to the time during which the case is pending in the superior court. Appellants' suggestion that this language, coupled with the provision "assist me in the trial . . . in the Superior Court of Ventura County" restricts the compensation to time spent at the superior court in Ventura, ignores the rest of the terms of the agreement. The amended complaint clearly alleges services performed under and pursuant to the contract. The special demurrer was therefore properly overruled.

The other asserted error is in the action of the trial court in sustaining plaintiffs' demurrer to defendant's cross-complaint. The cross-complaint, filed in October, 1930, sought reformation of the contract based upon an alleged mistake of the defendant Lantz, namely, that he did not know that the contract purported to obligate him to pay to plaintiffs $100 a day for services outside their offices, and that he first obtained such knowledge on March 8, 1928, when a bill was rendered to him. It is further alleged in the cross-complaint that Lantz had complete confidence in plaintiffs, and was ill and distressed at the time he signed the contract. The demurrer pleaded the statute of limitations and laches, and the court's order sustaining the same was not, in our opinion, erroneous. The cross-complaint was lacking in any allegations of diligence sufficient to excuse the long delay in discovering the alleged mistake, amounting to nearly two years. (See *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268].) Nor is there any showing that Lantz was prevented from reading the contract or from fully comprehending the meaning of the language used. Morever, the cross-complaint pleads a simple unilateral mistake, and in the absence of adequate allegations of knowledge thereof on the part of plaintiffs, it is insufficient. (See *Goodfellow* v. *Barritt,* 130 Cal. App. 548 [20 Pac. (2d) 740]; *Harding* v. *Robinson,* 175 Cal. 534 [166 Pac. 808]; *American Building Maintenance Co.* v. *Indemnity Insurance Co.,* 214 Cal. 608 [7 Pac. (2d) 305].)

The further suggestion that any ambiguity in the contract is to be resolved against plaintiffs under the rule respecting dealings of an attorney with his client may be answered first, by noting that this rule does not apply to the original contract of employment (*Colley* v. *Miller & Lux,* 156 Cal. 510 [105 Pac. 981]) ; and second, that the circumstances surrounding the making of the contract, as well as its practical construction by acts of the parties, all of whom were lawyers, which would determine the question of concealment or disclosure of the facts, were presumably given at the trial, and appellants have not seen fit to bring the evidence before us.

The judgment is affirmed.

Curtis, J., Seawell, J., Nourse, J., *pro tem.,* and Shenk, J., concurred.

Mr. Justice Edmonds, having presided at some of the proceedings in this case in the court below, did not participate in this decision.