[Civ. No. 15236. Second Dist., Div. One. Dec. 2, 1946.]

ALFRED C. SALAS, a Minor, etc., Respondent, v. WELDON BAILEY WHITTINGTON et al., Appellants.

William K. Young and David Lynn for Appellants.

Francis J. Gabel and Jean Wunderlich for Respondent.

DORAN, J.—This action was brought by an eight-year-old boy, to recover damages for personal injuries which resulted from an explosion or combustion emanating from a five-gallon shellac can belonging to the appellants. The amended complaint alleged that the boy's father had "for a long time prior" to the accident rented one side of a double house at 192 Jefferson Street in Los Angeles, "with its back yard," and that plaintiff and other neighborhood children had "for a long time . . . used said back yard as a playground," which facts were at all times known to appellants. It was further alleged that some time prior to August 27, 1944, the date of the accident, Mrs. F. B. Woodson, owner of the premises, had, without the consent of plaintiff's father, "permitted a portion of the yard to be used" by the appellant Whittington who maintained a manufacturing establishment adjoining the Salas back yard; that Whittington thereafter deposited in said back yard various substances and objects used in connection with the business, including certain shellac cans similar to the one in question. The answer avers that these cans, after being emptied by appellants, "were deposited in a box in said enclosed area," referring to a portion of the back yard which appellants had fenced in. Plaintiff's case was predicated upon the theory that appellants had "negligently and carelessly deposited . . . in the said back yard, a can containing such combustible liquids (apparently a residue

of shellac and alcohol) within easy reach of the plaintiff and other children wanting to play in said premises." The complaint further alleged "That during the time said children played with such container containing said combustible liquids, the said liquid became ignited when a match struck by one of the children came in contact therewith," resulting in third degree burns to the plaintiff. A demurrer to the amended complaint, on the ground of uncertainty, was overruled.

The answer, denying all negligence, alleged that appellant rightfully occupied the fenced-in portion of the yard by a month to month lease from the owner, with the consent of plaintiff's mother; further, that the neighborhood children trespassed upon such enclosed portion, and that on the day of the accident some child climbed over the fence into appellant's enclosure and removed a shellac can to the Salas part of the back yard; that thereafter some child "of said group set fire to a stick of wood and inserted same into said can through the mouth thereof, whereby the shellac . . . caught fire and severely burned plaintiff who was standing in close proximity thereof." Contributory negligence was pleaded as an affirmative defense. Trial of the case before a jury resulted in a verdict and judgment for plaintiff in the sum of $10,000, from which this appeal is prosecuted.

■ The appellants' first contention is that a special demurrer to the amended complaint, for uncertainty, ambiguity and unintelligibility should have been sustained because of plaintiff's use of the terms, "back yard," "portions of the yard," "said premises," and the like. The respondent maintains, however, that the Salas family claimed the right to use the entire back yard, upon which theory the complaint was predicated; further that "defendants made no nice or fine distinctions . . . as to just where they deposited the materials which they brought in." While it is true, as appellant maintains, that "Our system aims at certainty," in the present case there appears to be no serious defect in this respect; and in view of plaintiff's theory, and the exposition thereof in the complaint, the overruling of the demurrer cannot be deemed error. ■ Moreover, as mentioned in the respondent's brief, "The overruling of a demurrer to a complaint on the ground of uncertainty or ambiguity affords no ground for reversal when it is apparent from the record that the defendant was not thereby misled or embarrassed in making his defense." (2 Cal.Jur. 1014.)

 In reference to appellants' assertion that the evidence is insufficient to support the judgment, it is to be observed that the record is full of conflict, with little agreement among the various witnesses as to what took place preceding the respondent's injury. For example, there is serious conflict concerning the appellants' right to fence in or use any portion of the Salas back yard. The landlady, Mrs. Woodson, who might reasonably be expected to have information on this point, was not called as a witness by either party. The record is equally unsatisfactory as to how the shellac can got where it was at the time of the explosion,—whether left there by the appellants or carried there from appellants' enclosure by some boy or other person. Nor is it clear as to what was the exact cause of the explosion, except for a vague report that some boy made use of a lighted stick. Again, it appears that one of the boys present at the explosion, Raoul Gordon, who might have explained this matter, was not called as a witness. The entire record is, in fact, a hodgepodge of conflict and uncertainty.

There is, however, abundant evidence from which the jury could find that the shellac can, containing a residue of shellac and alcohol, was the property of appellants; that about 7 a. m. on the morning of the accident this can was in the respondent's back yard not far from the house, at which time Alfred Salas, aged about 8 years, Gilbert Salas, aged about 10 years, and Raoul Gordon, aged about 8 years, were playing in the yard. When Alfred Salas "was about five feet away looking backward," the can or its contents "blew up," and respondent testified that "when it exploded I tried to run and the fire caught my pants leg," resulting in serious injury to the respondent. There was evidence that the neighborhood boys made a practice of playing there, and that this fact was known to the appellants who had found it necessary at various times to drive some of the boys away from the fenced-in portion of the yard which appellants claimed the right to use. There was also evidence from which the jury could find that, notwithstanding this knowledge, the gate in appellants' fence was left open and unlocked, although this fact was denied by appellants. It appeared that much material, including cans similar to the one in question, was, from time to time, brought into the back yard by appellants, although the exact place of leaving such material was in conflict. There was evidence from which, as noted in respondent's brief, the jury could "find the de-

fendants negligent in the precaution which they took to prevent this dangerous article (shellac and alcohol used to cut the shellac) from being scattered about," having in mind the activities of the children accustomed to play in the back yard. The testimony of John Urista, acting maintenance foreman for appellants, indicates that some fear had been entertained for the safety of these young children. Explaining why the boys were told to get out of the fenced-in portion of the yard, this witness said: "Because in the first place they didn't have no business there, and probably somebody would be coming around there with something or other, and one of the kids would probably get hurt by some molds that they might get into." The close proximity of the Salas household and the appellants' plant, in connection with the known activities of the youthful members of that household, and the appellants' use of combustible and explosive substances, were circumstances of considerable importance bearing upon the question of appellants' negligence. Under the usual rule relating to a review of judgments based upon conflicting evidence, it cannot be said that there was not substantial evidence upon which to base the jury's finding that appellants were negligent.

It is appellants' contention that "The independent act of purloining the can from appellants' enclosed and protected premises and the independent act of one of the children igniting the remaining contents of the can constitute unforeseeable intervening and proximate causes of respondent's injuries and exonerate appellants." However, as pointed out in respondent's brief, under the evidence the jury "was not at all required to assume that the can in question had been originally deposited in that portion of the yard which they had enclosed," nor was the jury required to assume that the can had been "purloined" and removed from the enclosed portion. There was no evidence as to how the can had reached the place of explosion. As hereinbefore mentioned, there was evidence that appellants' gate was not kept closed or locked.

The issue of proximate cause "is essentially one of fact," and "It is not always true that an intervening agency will relieve defendant of responsibility." (*Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 219 220 [157 P.2d 372, 158 A.L.R. 872].) Particularly applicable to the present case is the language of *Katz* v. *Helbing*, 205 Cal. 629, 634 [271 P. 1062, 62 A.L.R. 825]: "Intervening wrongful acts of third persons, but for which injuries complained of would not have been

received, ordinarily break the chain of causation, because they are not to be anticipated as probable consequences, but are occasional and exceptional results. *But this is not always the case, especially where the acts of children of a nonresponsible age are involved.*" (Italics added.) And in this connection may be noted the following language at page 636: "It cannot be said as a matter of law, that an eleven year old boy, presumed to possess average intelligence for one of his years, since the contrary is not alleged, is such a responsible agent." In the instant case, the boys in question were of the ages of 8 and 10 years. In *Smith* v. *Smith-Peterson Co.,* 56 Nev. 79 [45 P.2d 785, 48 P.2d 760, 100 A.L.R. 440], it was held that the act of other children in picking up and carrying away from defendant's premises a dynamite cap attached to a piece of fuse, left unguarded and accessible to children, by the explosion of which another child was injured, cannot be said as a matter of law to have been the proximate cause of the injury, unless their acts could not have been reasonably foreseen. In the annotation in 100 American Law Reports 452, following the Nevada case, it is stated that the rule to the effect that "one using or keeping explosives must use a degree of care commensurate with their dangerous nature, to prevent injury to children who may have access to or come in contact with them, has been uniformly recognized and maintained." It should here be noted that the doctrine of attractive nuisance is not involved in the present case, nor in the annotation just cited.

Reversible error is also charged in the admission in evidence, over appellants' objection, of Los Angeles Municipal Code, section 57.24, subsection C, being an ordinance providing that "No person owning or having charge or control of any parcel of land or premises shall store or allow to exist thereon any dry grass, weeds, hay, straw, paper, wood, sacks, bags, litter, waste petroleum or any dry vegetation, standing or otherwise, or any combustible waste material of any nature, which occasions or constitutes a fire or life hazard." In this connection it is urged that "the appellants did not own, or have charge of or control that portion of the yard where the can was located at the time of the accident"; further, that if appellants did violate such ordinance, this was "remote to the causes of respondent's injuries and was not a proximate cause thereof." However, as said in the respondent's brief, "If the contention of appellants were true that the can was de-

posited inside the enclosed portion of the yard, the prohibition of the ordinance applied to that place as well.'' In view of the state of the record hereinbefore commented upon, and the diverse theories of the respective parties, no reversible error appears in reference to this point.

The appellants' complaint that the trial court erroneously refused to submit to the jury a requested interrogatory requiring the jury to find whether the shellac can in question ''had previously been deposited in the area enclosed by the answering defendants and had not been removed therefrom or deposited in the Salas open back yard by the answering defendants?'', is answered by the provisions of section 625 of the Code of Civil Procedure, making it optional with the trial court whether special issues shall be submitted to the jury. No abuse of discretion is apparent.

It is also contended that the trial court erred in refusing to give appellants' requested instructions covering the subject of trespassers, and concerning the nature of the can as ''an attractive plaything for children.'' In reference to the first request, the record discloses no evidence whatsoever that, with respect to the accident in question, the plaintiff had been guilty of any trespass; the eight-year-old boy was, at the time of the explosion, in what is conceded to have been the Salas back yard, and not in the appellants' fenced-in portion. In reference to the refusal of an instruction on the subject of attractive nuisances, this theory of the case had been eliminated from consideration by reason of the sustaining of a demurrer to the second cause of action contained in the original complaint.

The appellants' further contentions that the trial court erred in denying motions for a nonsuit and for a directed verdict, and that ''respondent's testimony establishes his own negligence which proximately contributed to his injuries,'' as a matter of law, must likewise be resolved against such contentions. The questions involved were, as already indicated, for the jury to decide, and there is substantial evidence in the record to support the verdict and judgment.

The judgment is affirmed.

White, J., concurred. York, P. J., dissented.

A petition for a rehearing was denied December 19, 1946, and appellants' petition for a hearing by the Supreme Court was denied January 30, 1947.