[Civ. No. 18347.   Second Dist., Div. Three.   Nov. 7, 1951.]

HELEN QUINBY EAVES, Appellant, v. TIMM AIR-CRAFT CORPORATION (a Corporation), Respondent.

Bachrack & Wilson for Appellant.

Hyman Smith and Howard R. Harris for Respondent.

SHINN, P. J.—Plaintiff appeals from a judgment in favor of defendant entered pursuant to an order sustaining a demurrer to plaintiff's fifth amended complaint without leave to amend.

The first cause of action was for the recovery of $19,800 alleged to be the reasonable value of services rendered by one Harold Ladd Pierce at the special instance and request of the defendant. The second cause of action alleges the following facts: Timm (Timm Aircraft Corporation) was a manufacturer of airplanes, airplane parts and accessories and other commodities, owning and operating its "Saticoy plant" and "San Fernando plant." Marquardt Aircraft Company was engaged in the same or a similar business. On April 15, 1948, Timm gave Harold L. Pierce a letter reading in material respects as set out below.[1] This letter was accepted in writing

---

[1] "Dear Mr. Pierce . . . You have represented that there is a possibility of Timm Aircraft Corporation profitably affiliating itself in production work with another corporation known to you in connection with production contracts held by such other corporation. The identity of the other corporation, the nature of the product and the contracts therefor are unknown to Timm Aircraft Corporation.

"You have represented that you are willing to submit a proposal to both Timm Aircraft Corporation and the other corporation for the affiliation of both of said corporations as aforesaid. Therefore, we have mutually agreed as follows:

"(1) In the event, as the result of the proposal to be submitted by you, there shall be an affiliation of Timm Aircraft Corporation with the other corporation known to you, then and in such event Timm Aircraft Corporation agrees to pay you as a commission for your services a sum equal to 3% of any and all considerations received by Timm Aircraft Corporation from the other corporation. The commission shall be payable

by Pierce. He was a licensed real estate salesman acting for plaintiff, his undisclosed principal, who was a licensed real estate broker. He first sued as plaintiff's assignee of the claim but later reassigned to plaintiff who was substituted in his place. Through the efforts of Pierce, Timm and Marquardt were brought together and concluded a business arrangement according to one of the plans outlined by Pierce. Timm leased to Marquardt its Saticoy plant for a period of six years commencing November 1, 1948, for a total rental of $360,000, payable $5,000 per month, gave Marquardt an option to buy the plant within three years for $280,000 and the following three years for $160,000 and also borrowed of Marquardt $300,000. Plaintiff's demand of $19,800 is equal to 3 per cent of the combined total of the rent to be received and the money that was borrowed by Timm. The third cause of action purports to state grounds for reformation of the agreement.

█ Since the first cause of action was based upon the specific facts set forth in the second cause of action they should be read together. (*Neal* v. *Bank of America,* 93 Cal. App.2d 678 [209 P.2d 825].)

█ First to be considered is plaintiff's claim that the services alleged to have been rendered were within the scope of those described and specified in the agreement. In this plaintiff is clearly mistaken. Timm was seeking expansion of its operations. As stated in the letter it hoped to do this by ". . . profitably affiliating itself in production work with another corporation known to you [Pierce] in connection with production contracts held by such other corporation." "Affiliation" is mentioned several times as the objective of the employment of Pierce. No affiliation was brought about; no expansion of operations was accomplished. Upon the contrary, Timm curtailed its operations through the leasing of one of its plants. Pierce was not employed to negotiate a lease or a loan.

█ The written agreement was first alleged in plaintiff's sec-

to you in the form received by Timm Aircraft Corporation; that is to say, if Timm Aircraft Corporation shall receive cash, you shall receive 3% of such cash. Similarly, if Timm Aircraft Corporation shall receive property of any description whatsoever, you shall receive 3% of such property.

"(2) Timm Aircraft Corporation shall have, and it hereby reserves, the unqualified right to reject any and all proposals submitted by you for the affiliation of both of said corporations, or otherwise, and shall not be indebted to you for any commissions whatsoever, or otherwise, unless it shall accept the proposal submitted by you and there shall result therefrom an affiliation of both of said corporations. . . ."

ond amended complaint. In an endeavor to broaden the meaning of the wording of the agreement with respect to proposed affiliation with another corporation in production work, so as to bring the services rendered within the scope of the employment, plaintiff alleged that Timm orally represented and assured Pierce that the agreement would entitle Pierce to compensation if the defendant sold or leased either of its plants or borrowed money from a corporation produced by Pierce. In the second cause of action of the fifth amended complaint it was alleged that when the writing was signed defendant orally represented to Pierce that the term "affiliating itself in production work" was intended by defendant to include the sale or lease of either plant or the loan of money and that Pierce, relying upon defendant's representation and interpretation, signed the agreement and rendered the services which culminated in Timm's transaction with Marquardt.

Stripped of a profusion of allegations evidentiary in character the second cause of action in substance asserts the claim that while the writing said one thing it was represented by defendant to mean something quite different. Plaintiff seeks to recover not upon the contract as written but as enlarged in material respects by defendant's representations as to its meaning wholly at variance with its unambiguous expressions. Such recovery under the guise of interpretation may not be allowed where the terms used are unambiguous and have no local or technical meaning. (*Long* v. *Hammond,* 168 Cal. 790 [145 P. 527] ; *Peterson* v. *Chaix,* 5 Cal.App. 525 [90 P. 948].) It is clearly an attempt to vary the terms of the written agreement in a material respect.

It was also alleged in the second cause of action that Pierce had submitted to Timm a plan for the leasing of one or both of its plants and for borrowing money from Marquardt; that during the negotiations between Timm and Marquardt Pierce was advised that his further services in the negotiations were not required but that upon consummation of a transaction with Marquardt he would be paid a commission at the stipulated rate; that Pierce stated his willingness to assist in the negotiations but was not permitted to do so. It was not alleged that a new agreement was entered into different from the written agreement under which plaintiff's services had been rendered, that is to say, it was not alleged that Timm agreed to pay Pierce a commission based upon rental that might be received or money that might be borrowed from Marquardt. Insufficient facts were alleged

in the second cause of action to support a recovery of a commission.

The third cause of action incorporated the allegations of the second cause of action but also alleged that Timm did not intend that the terms "affiliating itself in production work and/or affiliation . . . were to include a sale or lease of either or both of said plants or a loan or other form of financing thereon." Although it was alleged that Timm made the representation for the purpose of inducing Pierce to enter into the agreement and that he was so induced, the facts alleged did not state a cause of action for reformation. (Civ. Code, § 3399; *Auerbach* v. *Healy*, 174 Cal. 60, 63 [161 P. 1157]; *Miller* v. *Lantz*, 9 Cal.2d 544, 548 [71 P.2d 585].) There was no mutual mistake, nor a mistake on the part of Pierce, known to Timm. Upon the contrary it was alleged that Timm's understanding was directly the reverse of that alleged to have been entertained by Pierce. █ The intention of one of the parties not to fulfill an oral agreement which would add new terms to their written agreement does not render the oral agreement valid nor provide a ground for reformation. Plaintiff does not suggest that under the facts alleged Timm should be held estopped to urge invalidity of the claimed oral agreement as an interpretation of the written agreement. We need not pass upon aspects of the case which are not discussed in the briefs. It is also unnecessary to consider numerous other points raised by appellant.

It is apparent that in the fifth amended complaint plaintiff stated as favorably as was possible the facts upon which she relied.

The demurrer was properly sustained without leave to amend.

The judgment is affirmed.

Wood (Párker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 5, 1951, and appellant's petition for a hearing by the Supreme Court was denied January 3, 1952. Carter, J., and Traynor, J., voted for a hearing.