[Civ. No. 16151. First Dist., Div. Two. Feb. 28, 1955.]

E. A. TALIAFERRO, Appellant, v. INDUSTRIAL INDEM-
NITY COMPANY (a Corporation), Respondent.

E. A. Taliaferro, in pro. per., for Appellant.

Thelen, Marrin, Johnson & Bridges for Respondent.

DOOLING, J.—Plaintiff appeals from a judgment entered
after a demurrer to his amended complaint was sustained
without leave to amend.

In his original complaint plaintiff sought to enjoin the commencement of a threatened action at law by defendant to collect $1,225 alleged to be due under a policy of insurance covering workmen's compensation liability. Plaintiff alleged that defendant had "illegally, unjustly, arbitrarily, unlawfully, and unreasonably fixed, determined, levyed (*sic*) and assessed against plaintiffs an additional premium charge allegedly due and payable" under its policy in an amount of $1,225, and that defendant threatens to sue plaintiff for that amount, to attach plaintiff's property and business and that they have assigned their claim to Wholesalers Adjustment Bureau for that purpose. It is further alleged that this would constitute an unlawful and illegal interference with plaintiff's business, damage his credit and credit rating and ability to finance and conduct his business and result in his irreparable injury. The prayer was for an injunction and damages.

After demurrer sustained to this complaint appellant filed his amended complaint containing substantially the same allegations and adding an allegation that pursuant to section 11750.3 of the Insurance Code plaintiff had a right to have a reconsideration of the test audit resulting in defendant's charge and an appeal to the Department of Insurance from any adverse decision of the California Inspection Rating Bureau and that the action of those "tribunals" was a condition precedent to the legal right to enforce such claim.

Plaintiff then added allegations that for the past seven years defendant had "wrongfully, erroneously and illegally charged and collected from plaintiffs sums of money" under its policies "upon the basis of wrongful and erroneous classification of plaintiff's employees which . . . was induced by defendants and relied upon by plaintiff as a result of misrepresentation of the rules, regulations and procedure pertaining to the classification of said employees according to the established practice of the fixing of insurance and indemnity rates all of which was well known to defendants and unknown to plaintiff." It is alleged that the amount of such overcharges is unknown to plaintiff but amounts to more than $3,000. There is a further allegation that these facts were not discovered by plaintiff until 1952.

This is the complaint to which a demurrer was sustained without leave to amend. The amended complaint was defective in alleging many conclusions of law, but appellant argues that since it could have been amended to state a

cause of action it was error to sustain the demurrer without leave to amend. (Code Civ. Proc. § 472c; *Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358].)

We are satisfied that under well settled rules the complaint could not be amended to state a cause of action. Insofar as it seeks to enjoin the prosecution of an action at law to collect the sum of $1,225 alleged by defendant to be due all of the matters relied upon by appellant in his claim that that demand is unwarranted could be set up as a defense to such action. If the amount was in fact erroneously assessed by defendant that would be a defense to an action to collect it. If the action of the California Rating Bureau and the Department of Insurance are conditions precedent to such cause of action (a question we need not consider) those matters could be interposed defensively to the action to collect this claim. The prosecution of a cause of action at law will not be enjoined because the plaintiff seeking the injunction has a good defense to it where that defense may be interposed in the threatened action. As the court pithily said in *Bartholomew* v. *Bartholomew*, 56 Cal. App.2d 216, 224 [132 P.2d 297]: "A man with a poor case is as much entitled to have it judicially determined by usual legal processes as the man with a good case." "The writ (of injunction) will not lie to enjoin a judicial proceeding where the complainant may obtain all the relief to which he is entitled by way of answer, defense, cross-complaint or intervention in such proceeding." (*Johnson* v. *Sun Realty Co.*, 138 Cal.App. 296, 301-302 [32 P.2d 393]; *Wolfe* v. *Titus*, 124 Cal. 264, 268-269 [56 P. 1042]; *California Thorn Cordage, Inc.* v. *Diller*, 121 Cal.App. 542, 547 [9 P.2d 594].)

The allegations concerning a threatened attachment and its consequences do not entitle appellant to an injunction. The provisions of the Code of Civil Procedure relating to attachment afford a defendant such protection against unwarranted attachments as the Legislature deemed adequate.

Appellant relies on the added allegations of overcollections in previous years as showing that the action is necessary to prevent a multiplicity of actions. Under section 427 of the Code of Civil Procedure all of such claims could be joined in one action at law.

More fundamental, however, is the fact that the allegations of money due for past overcharges are completely foreign to the cause of action attempted to be stated in the

original complaint. It is no abuse of discretion for a trial court to refuse leave to a plaintiff to amend his complaint to state an entirely different cause of action from that originally pleaded. (*Cyr* v. *White*, 83 Cal.App.2d 22, 31 [187 P.2d 834]; *Pagett* v. *Indemnity Ins. Co.*, 54 Cal.App.2d 646, 649 [129 P.2d 700].)

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.