[Civ. No. 3126. Fifth Dist. June 3, 1977.]

THE PEOPLE et al., Plaintiffs and Respondents, v.
JACK FREDERICK KELLEY, Defendant and Appellant.

THE PEOPLE et al., Plaintiffs and Respondents, v.
FRANK COMPTON HARRIS, JR., et al., Defendants and Appellants.

**COUNSEL**

Evelle J. Younger, Attorney General, William M. Goode, Deputy Attorney General, William A. Smith, District Attorney, and Brinton N. Bowles, Assistant District Attorney, for Plaintiffs and Respondents.

Fullerton, Lang, Richert & Patch and Wayne H. Thomas, Jr., for Defendants and Appellants.

## OPINION

**FRANSON, J.**—On July 7, 1976, the District Attorney of Fresno County, acting for the People of the State of California and the Board of Dental Examiners of the State of California (respondents), filed complaints for civil penalties, injunction, and other equitable relief against appellants. The action was brought under the California Dental Practice Act to enjoin appellants from engaging in the practice of dentistry without a license. (See Bus. & Prof. Code, §§ 1703, 17535, and Civ. Code, § 3369, subd. 5.)

Appellants are dental laboratory technicians who have been engaged for a number of years in the practice of constructing, making, altering and repairing bridges and dental prosthetics for licensed dentists.

In the spring of 1976 appellants commenced to hold out to the public that they would construct and sell bridges, dentures and other orthodontic and prosthetic devices directly to members of the public. Appellants openly advised local dentists in the Fresno area of their involvement in the "denturist movement" and that they were "going public." Appellants placed numerous newspaper ads offering to perform work directly for the public.

Thereafter, appellants conducted oral examinations, checked bites, measured mouths for dentures, took impressions, adjusted, constructed and repaired dentures for persons coming in off the street.

On July 7, 1976, the superior court issued an order to show cause and temporary restraining order against appellants enjoining them from the unlicensed practice of dentistry.[1] On August 13, 1976, at the hearing on the order to show cause, a preliminary injunction issued which was upon all terms a continuation of the temporary restraining order.

---

[1] Following issuance of the temporary restraining order, appellant Kelley continued to conduct oral examinations and to take impressions in violation of the temporary restraining order. He was found in contempt of the restraining order and was fined $500 and sentenced to four days in custody. He paid the $500, but by stipulation, the execution of the jail sentence was stayed pending a determination of this court as to "the validity of the injunctive order."

The preliminary injunction states in pertinent part:

"IT IS ORDERED that during the pendency of this action or until further order of the Court, defendants, their agents, officers, employees and representatives, and all persons acting in concert or participating with them, are hereby enjoined from engaging in or performing any and all of the following:

"(a) Practicing dentistry without a license and within the terms of dentistry performing by himself or his agents, or servants any operation upon the human teeth, Alveolar Process, gums, jaws, or associated structures, *or in anyway [sic] indicating that he will construct, alter, repair, or sell any bridge, crown, denture or any other prosthetic appliance or orthodontic appliance."* (Italics added.)

### DISCUSSION

 We hold that the preliminary injunction is constitutionally overbroad in that it explicitly prohibits appellants from engaging in a statutorily authorized and constitutionally protected activity of constructing, making, altering, repairing or selling of prosthetic or orthodontic appliances where the casts or impressions for the work have been taken by a licensed dentist and a written authorization signed by the dentist accompanies the work or it is performed in the office of a licensed dentist under his supervision.

The overbreadth occurs because subparagraph (a) of the injunction, quoted above, absolutely enjoins appellants without qualification from "in anyway [sic] indicating that [they] will construct, alter, repair, or sell any bridge, crown, denture or any other prosthetic appliance or orthodontic appliance." This language is taken verbatim from Business and Professions Code section 1625, subdivision (c), which defines the practice of "dentistry."[2]

However, the meaning of "dentistry" as defined in section 1625, subdivision (c) must be construed in the light of the ". . . practices . . .

[2]Business and Professions Code section 1625 defines the term "dentistry" in pertinent part as: ". . . a person practices dentistry within the meaning of this chapter who does any one or more of the following: . . . (c) In any way indicates that he will perform by himself or his agents or servants any operation upon the human teeth, alveolar process, gums, jaws, or associated structures, *or in any way indicates that he will construct, alter, repair, or sell any bridge, crown, denture or other prosthetic appliance or orthodontic appliance."* (Italics added.)

exempt from the operation of [the Dental Practice Act]" provided in Business and Professions Code section 1626. One of the exemptions set forth in subdivision (e) of section 1626 is: "The construction, making, alteration or repairing of bridges, crowns, dentures, or other prosthetic appliances, or orthodontic appliances, when the casts or impressions for this work have been made or taken by a licensed dentist, but a written authorization signed by a licensed dentist shall accompany the order for the work or it shall be performed in the office of a licensed dentist under his supervision. . . ."

A reasonable interpretation of the language of the two statutes compels a finding that the act of dentistry which is prohibited to a nonlicensed dentist under section 1625, subdivision (c) means the construction, alteration or repair of prosthetic or orthodontic devices when the casts or impressions have *not* been made by a licensed dentist or if made by a licensed dentist, a written authorization signed by the dentist does *not* accompany the work order or the work is *not* performed under the direct supervision of the dentist. To hold otherwise is to ignore the exemption from the Dental Practice Act as provided in section 1626, subdivision (e).

The overbreadth of the injunction in its present form can be illustrated as follows: under paragraph (a) of the injunction, if appellants had received a call from a licensed dentist asking them to construct a prosthetic device pursuant to a work order, they are enjoined from indicating that they could accept the order. Thus, their constitutional right to engage in lawful work activity is impaired. (See *Bautista* v. *Jones* (1944) 25 Cal.2d 746, 749 [115 P.2d 343]; *Doyle* v. *Board of Barber Examiners* (1963) 219 Cal.App.2d 504, 509 [33 Cal.Rptr. 349].)

■ Injunctions which on their face enjoin a person from engaging in activities which are constitutionally or statutorily authorized are beyond the jurisdiction of the court and are void. (*In re Berry* (1968) 68 Cal.2d 137, 147 [65 Cal.Rptr. 273, 436 P.2d 273]; *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 291 [109 P.2d 942, 132 A.L.R. 715].)

■ Respondents argue that because of appellants' many years' experience as dental technicians, they were fully aware of what was intended to be prohibited by the injunction, i.e., *only* their activities in conducting oral examinations and taking impressions preparatory to the manufacture of the prosthetic devices and advertising to the public that they performed such services. However, an injunctive order which is

overly broad cannot be cured by reference to the "context" in which it issues (*In re Berry, supra,* 68 Cal.2d at p. 155). The injunction must stand or fall on the basis of what it purports to enjoin; the fact that it literally prohibits more than the practice of dentistry., i.e., appellants' lawful activity as unlicensed dental technicians, cannot be overcome by speculation that appellants subjectively understood what was intended by the injunction.

Inasmuch as the preliminary injunction is invalid because it prohibits appellants from engaging in a constitutionally protected and statutorily authorized activity, we deem it unnecessary to discuss appellants' other contentions concerning the infringement of their freedom of speech rights under the First and Fourteenth Amendments to the United States Constitution.

The order granting the preliminary injunction dated August 13, 1976, is reversed.

Brown (G. A.), P. J., and Hopper, J., concurred.